CHARLES A. NUTTING *et al.*, plaintiffs in error, *vs.* OSCAR THOMASSON *et al.*, defendants in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

1. Dividends on stock correspond to the hire of property. The purchaser of railroad stock from an administrator, at an unauthorized private sale, is liable in equity to the distributees of the estate to which the stock belonged, for all damages resulting directly from the conversion, including, besides the value of the shares, the consequent loss of dividends, with interest thereon. The dividends to be treated as lost, are all those innocently paid by the corporation, after the illegal purchase and up to the time of the decree, whether paid to the purchaser himself, or to those holding under him, immediately or remotely, by regular transfer.

2. Payments to innocent transferrees are all innocent payments, unless the corporation is chargeable with some negligence or breach of faith or duty, in suffering the transfers to be made on its books.

Stock. Dividends. Sales. Before Judge BARTLETT. Bibb Superior Court. October Term, 1875.

This is the fourth time this case has been before this court: See 40 *Georgia Reports,* 408; 43 *Ibid.,* 598; 46 *Ibid.,* 34.

The contest here was over the dividends on the railroad stock, which had been paid to the purchasers thereof from Nutting and Cubbedge & Hazlehurst, who held under an illegal private sale made by Usher, as administrator of Wakeman. The court charged the jury that Nutting and Cubbedge & Hazlehurst were liable to the distributees of the Wakeman estate, not only for the dividends received by them, but

also for the dividends received by the purchasers from them, with interest thereon, and refused to charge to the contrary.

The court also charged that the railroad company was not liable for such dividends, and refused to charge to the contrary.

A verdict was returned in accordance with the charge. The defendants Nutting and Cubbedge & Hazlehurst, moved for a new trial on account of alleged errors in the aforesaid charges and refusals to charge.

The motion was overruled and they excepted.

A. O. BACON; JAMES T. NISBET, for plaintiffs in error.

WHITTLE & GUSTIN; R. F. LYON; C. C. DUNCAN, for defendants.

BLECKLEY, Judge.

The rulings made in this litigation heretofore, settle most of the principles involved in it: See 40 *Georgia Reports*, 408; 43 *Ibid.*, 598; 46 *Ibid.*, 34. As to dividends which would have been realized by the distributees had the stock not been unlawfully converted, they seem to us to stand upon the footing of hire; and those who aided the administrator in the conversion, that is, the purchasers from him at the unauthorized sale, are liable for them. It would seem to make no difference, in principle, whether the dividends were paid directly to such purchasers or to those holding the stock under them by regular transfer. In either case, the loss of the dividends is traceable to the conversion. That is the act causing the damage, and full compensation to the distributees requires that all dividends of which they have been deprived up to the time of decree should be accounted for, with interest. The innocence of the railroad company in the original transaction has been adjudicated. The want of notice by the company that the administrator was abusing his trust gave the company protection. It does not appear that any dividend has been wrongfully paid by the company since it re-

ceived notice. That is, there is no evidence that the company could have protected itself against the payment of any of the dividends which holders of the stock have received. There seems to be little doubt that holders under the original purchasers took without notice, and are innocent holders. Of course, they had a right to collect dividends, and the company was not chargeable with any wrong in paying them.

We cannot sanction the theory that some of the purchasers from the administrator are excused, because they acted as factors or brokers in behalf of a third person. The facts show that the so-called principal was not known in the transaction until after the administrator had parted with the property and the conversion was complete. The administrator transferred directly to the brokers, and they transferred afterwards to the person they claim to have represented.

The consent arrangement made by the parties touching the stock and a portion of the dividends could not, as we think, prevent the complainants from recovering the remaining dividends under the same rules of law which would have been applicable to the case if no part of the litigation had been closed by consent. The question as to these disputed dividends was expressly left open, and the meaning of the arrangement was, no doubt, that this question was to receive the same solution as if it had not been severed from the balance of the case.

Judgment affirmed.