## BECK *v.* HAMILTON *et al.*

Where pending a claim case the claimant dies, and the plaintiff in execution thereafter allows more than seven years to elapse before taking steps to make parties or to have an entry made upon the execution by an officer authorized to execute and return the same, it becomes dormant.

Argued April 4, — Decided April 24, 1901.

Money rule.   Before Judge Harris.   Bartow superior court. November 21, 1900.

*J. B. Conyers,* for plaintiff.    *A. S. Johnson,* for defendants.

LEWIS, J.   The plaintiff in error, by her petition for a rule against the sheriff of Bartow county, sought to have applied to two executions, based on justice's court judgments in her favor against Margaret E. Harris and Sallie J. Harris, the proceeds of certain land which, by virtue of an execution based on a junior judgment against the same defendants and against James S. Harris in favor of Smith, Son & Brother, and transferred to Hamilton and Wright, had been sold as the property of Margaret E. Harris.   Hamilton and Wright and their attorney, Albert S. Johnson, were, on their own motion, made parties defendant to the rule, and filed an answer, one of the averments of which was that Mrs. Beck's executions were dormant.   Johnson claimed a portion of the fund on the theory that it had been brought into court by virtue of his services.   A trial was had which resulted in the direction of a verdict by the court in favor of Wright, Hamilton, and Johnson.   Mrs. Beck made a motion for a new trial, which was overruled, and she excepted.   The defendants in error sued out a cross-bill of exceptions, alleging error in certain rulings made during the trial.   By the motion for a new trial and the cross-bill of exceptions various questions are raised, but the whole case turns upon the proposition announced in the headnote.   If it lays down sound law, the direction of the verdict was proper.   Mrs. Beck claims under an execution issued from a justice's court, and under what she alleges was an established copy of another execution issued from the same court.   Conceding, for the sake of the argument, that the latter was a valid process, it still remains true that Mrs. Beck was not entitled to the money in the sheriff's hands, nor concerned in the distribution thereof, if her executions were dormant.   Her executions were levied on personalty in 1876.   A claim was interposed by J. H. Harris, and the property was found not subject.   She entered an appeal to the superior court, which was not disposed of until January, 1895, when that court entered an order dismissing her levies.   It affirmatively appears from the record that the claimant died before August 2, 1888, and it also appears that Mrs. Beck never at any time took steps to have a party claimant made in his stead, nor was any entry made on either of her executions before the 28th of August, 1895.   Thus it appears that more than seven years elapsed after the death of the claimant before the plaintiff in execution took any steps whatever to prosecute the levy against which

the claim was filed, or to have another levy of the execution made. It is true that the decisions of this court have shown considerable liberality in holding that any effort on the part of a plaintiff in execution to prosecute his fi. fa. will relieve it from the operation of the dormant-judgment act. We are not, however, aware of any case which goes to the length of holding that where, as in the present case, the conduct of the plaintiff in execution is characterized by absolute and voluntary inaction for more than seven years, dormancy of the judgment will be prevented by the mere fact that a claim has been interposed. The case of *Fulcher* v. *Mandell*, 83 *Ga.* 715, is cited by counsel for the plaintiff in error. The first headnote in that case reads as follows: "When judgment was obtained and the execution issuing therefrom was levied upon land, and a claim was interposed, the prosecution of this claim in the courts for over six years was such a public act on the part of the plaintiff in judgment as to prevent the statute of limitations from running pending the litigation, as to all the property of the defendant." It is plain that this decision contemplated activity on the part of the plaintiff, and was based upon the theory that the delay in enforcing his judgment was due to no fault of his own. The case at bar is quite different; for there is nothing to show that Mrs. Beck used any efforts to defeat the claim filed against her executions, or occupied more than a passive position throughout the pendency of the claim proceedings. The case of *Stanford* v. *Connery*, 84 *Ga.* 731, discloses similar activity on the part of the plaintiff in execution in the effort to enforce his judgment. The principle upon which the ruling is based is clearly stated by Justice Simmons on page 740, in the following language: "It seems from the record that during these years the plaintiff was active in endeavoring to enforce this claim, and he was resisted by Hone, one of the defendants in fi. fa., and the security, and was prevented from collecting the amount due on the execution." The wording of the second headnote in the case of *Rogers* v. *Smith*, 98 *Ga.* 789, would seem to uphold the position of the plaintiff in error, but an examination of the opinion on page 790 will show that the decision was made upon the idea that " any bona fide and public act on the part of the plaintiff, asserting his right to collect the execution, will prevent dormancy." None of the cases cited by counsel for the plaintiff in error are in point, because of the failure of Mrs. Beck, in the case

at bar, to make any attempt to enforce her judgment for more than seven years after the death of the claimant. We think that this court has gone quite far enough in ruling that litigations under certain circumstances suspend the operation of the dormant-judgment act, especially in view of the plain letter of the law embodied in section 3761 of the Civil Code, which declares that "no judgment shall be enforced after seven years from its rendition, when no execution has been issued upon it and the same placed upon the execution docket, or when execution has been issued and seven years have expired from the time of the record, upon the execution docket of the court from which the same issued, of the last entry upon the execution made by an officer authorized to execute and return the same." Besides, the simple pendency of a claim to property levied on does not prevent the plaintiff from obtaining an order of court to have his levy withdrawn and the execution levied on other property; a course which was open to the plaintiff in error in this case but which she did not pursue.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring.*