## GAY *v.* WARREN.

A purchaser of land at a judicial sale obtains no right, by the purchase, to the deeds constituting the chain of title to the land, in the hands of the original owner.

Submitted May 1,—Decided June 10, 1902.

Trover. Before Judge Adams. City court of Dublin. August 12, 1901.

*Howard & Armistead* and *E. D. Graham*, for plaintiff in error. *Griner & Baldwin* and *James K. Hines*, contra.

SIMMONS, C. J. A considerable quantity of land was owned by John Gay in Laurens county. He died leaving C. M. Gay as one of his executors. Shortly after the latter qualified, disputes arose between him and the other heirs at law. A receiver was appointed to take charge of the estate. It seems that the receiver obtained an order of court to sell certain of the lands of the estate. Warren became the purchaser of one of the lots so sold. After some years he brought an action of trover against C. M. Gay, to recover two deeds constituting part of the chain of title of John Gay. On the trial much evidence was introduced on the question as to whether C. M. Gay was in possession, at any time, of the deeds sought

to be recovered; also evidence as to the value of the lot purchased by Warren, and some evidence as to the damage he had sustained by reason of his not having the deeds. It seems that Warren owned the land at the time suit was brought, but had, pending the litigation, sold it to his son. The plaintiff having elected to take a money verdict, the jury found in his favor for $600, which was but little less than the value of the land. The defendant moved for a new trial. The motion was overruled, and he excepted.

Where a plaintiff brings an action of trover, he must show title in himself, or that he has the right of possession. If he fails to do so, he can not recover. Trover will lie for the recovery of title deeds, but the plaintiff must show that he has a right to them before he can recover. The back deeds, constituting the chain of title of one whose lands are sold under judicial process, do not, we think, belong to the purchaser at the sale. If one holding land under a single deed sells it in parts to a number of purchasers, he would of course be unable to furnish each with his chain of title. In some States such a vendor is required to furnish his vendee a correct abstract of the title; and if the warranty of the vendor fails, he can be sued upon this abstract. And in 2 Jones, Conv. § 1369, it is said, with reference to private sales of land: "The English law in regard to the possession of title deeds has generally no application in this country, on account of the prevalence here of a general system of registry. Under our registry laws, the record being notice to all the world, it is not necessary that the grantee should have possession of the title papers." If the purchaser at a private sale is not entitled by law to the back deeds, much less is the purchaser at a judicial sale. The law has provided for such a purchaser by declaring that the deed made in pursuance of such a sale shall be an original title in the hands of the purchaser. The Civil Code, § 5446, declares: "A sale regularly made by virtue of judicial process issuing from a court of competent jurisdiction shall convey the title as effectually as if the sale was made by the person against whom the process issues." The next section declares: "In all controversies in the courts of this State, the purchaser at such a sale shall not be required to show title-deeds back of his purchase, unless it be necessary for his case to show good title in the person whose interest he purchased." In the case of *Whatley* v. *Newsom*, 10 *Ga.* 74, from which the two sections above quoted were doubt-

less codified, Judge Lumpkin, in discussing the question, said: "To require the purchaser to go further would be to impose a burthen which, in the end, would prove highly injurious, both to debtor and creditor, as it would drive off bidders and purchasers from these public sales. *The debtor's property being seized and sold against his will, it is not to be supposed that he will surrender up to the purchaser the muniments of his title.*" For these reasons we think that a purchaser at a judicial sale gets no title to the deeds which constitute the chain of title of the person whose property is sold. The plaintiff in this case showed no other right to the deeds, and a verdict in his favor was, therefore, contrary to law.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*