112.   SMITH *v.* ZACHRY.

"Creditors are never barred by lapse of time while the law itself hinders them from proceeding." Therefore where a creditor in 1898 obtained judgment against his debtor and had an execution, issued thereon, levied upon the property of his debtor, and was thereafter prevented from enforcing the execution, by repeated legal obstructions and delays in the form of affidavits of illegality and claims interposed by his debtor and his wife, the creditor at all times during the period extending from 1898 to 1906 making active and bona fide efforts to enforce his execution,

such efforts were sufficient to prevent the dormancy of the judgment because of a non-compliance with the requirements of the Civil Code, § 3761.

Illegality, from city court of LaGrange—Judge Harwell. March 19, 1906.

Argued February 18,—Decided March 2, 1907.

*E. T. Moon,* for plaintiff in error.　*B. H. Hill,* contra.

HILL, C. J.　Two executions, issued from the county court of Troup county against J. H. Smith and in favor of J. T. Zachry, were levied upon certain property of the defendant in execution. To the levies the defendant in execution filed an affidavit of illegality, in which he set up that the judgments upon which the executions were based and the executions were barred by the statute of limitations, and therefore dormant, under section 3761 of the Civil Code. The plaintiff in execution filed a traverse of the ground of the affidavit of illegality. By consent, the issue thus made was submitted to the decision of the judge without a jury, on the statement of facts as set out in the illegality and the answer or traverse thereto. This agreed statement of facts is as follows: "J. T. Zachry, the plaintiff in execution, on October 17, 1898, obtained, in the county court of Troup county, two judgments on notes against the defendant J. H. Smith. Said notes contained a waiver of any and all homestead exemptions. The judgments were recorded on the execution docket of the county court on October 24, 1898, and executions were levied by E. M. Henderson, sheriff of said county, on property of J. H. Smith (November 12, 1898) in possession of the defendant in execution, a description of said land being set out in the levies. Said defendant J. H. Smith was adjudged a bankrupt, on or about November 25, 1899, and was discharged on or about October 13, 1900. The plaintiff did not prove his claim in the court of bankruptcy. The land levied on was set apart to the defendant as his homestead. On January 2, 1899, the wife of the defendant Smith filed a claim to said land, which claim case was continued from May term of Troup superior court, 1899, until May term, 1901, on account of the bankruptcy of the defendant, when the claimant withdrew her claim, and the said land was again advertised for sale. The defendant J. H. Smith then filed an affidavit of illegality, which was overruled by the judge of

the city court of LaGrange, September 21, 1901, which judgment was affirmed by the Supreme Court. (115 *Ga.* 722). The said land again, for the third time, was advertised for sale, and the defendant Smith filed his claim to the same as his homestead, on August 5, 1902, which claim he withdrew on November 7, 1902. Said land was again advertised for sale, when the defendant Smith again filed a claim to said land, dated January 1, 1903, and said claim was again withdrawn, May 8, 1903. Said land was again, and for the fifth time, advertised for sale, and the defendant again filed a claim to the same, and, on the trial, the property was found subject; which judgment was affirmed by the Supreme Court on or about December 12, 1904 (121 *Ga.* 467). Said land was again, for the sixth time, advertised for sale, when the wife of the defendant again filed her claim to the same. On the trial of the claim case the said land was again found subject, and the execution ordered to proceed, and the defendant Smith filed an affidavit of illegality on January 1, 1906, on the ground that the said executions were barred by the statute of limitations. Plaintiff in execution admits that there has been no entry on said executions by an officer since November 12, 1898, the date of the levy, and that the same was not recorded on the execution docket of Troup superior court until December 17, 1905." The judge held that the executions were not dormant or barred by the statute of limitations, and passed an order overruling the illegality and ordering the fi. fas. to proceed; to which order J. H. Smith excepted, and sued out a writ of error. Under the foregoing agreed statement of facts, the defendant in error asserted that his judgments and executions were not barred by the statute of limitations or were not dormant, because, ever since the executions were issued, he had made most "active, bona fide, desperate, continuous and public efforts to collect the same."

The question submitted for our decision is not an open one in this State. Mr. Justice Simmons, in rendering the decision of the court in *Gholston* v. *O'Kelley,* 81 *Ga.* 21, construing section 2914 of the code (now section 3761 of the Civil Code), uses the following language: "This section of the code has received an equitable construction by the courts ever since the passage of the act from which it was codified, in 1822, commencing with the convention of judges, as reported in *Dudley's Reports.* As far as we can find, every time this section has been before the courts, . . they

have invariably held that it must receive an equitable construction . . and that any public act of the plaintiff, going to show that the execution was still in life, would be sufficient to prevent its becoming dormant." In this opinion, the learned Justice collates all of the decisions of the Supreme Court on the subject, beginning with *Wiley* v. *Kelsey, 3 Kelly,* 274, and shows that the decisions of the court have been uniform and harmonious in giving to said dormancy section of the code an equitable construction, and holding that any public act of the plaintiff in execution, indicating that the execution was still in life, would be sufficient to prevent it from becoming dormant. Mr. Chief Justice Bleckley in *Hart* v. *Evans,* 80 *Ga.* 330, uses the following language: "Creditors are never barred by lapse of time whilst the law itself hinders them from proceeding." These decisions were made as the law stood before the act of 1885, on which section 3761 of the Civil Code is based. Mr. Justice Little, in rendering the decision of the court in *Hollis* v. *Lamb,* 114 *Ga.* 740, states, that the act of 1885 "made practically but one change in the law as it then stood in relation to the dormancy of judgments, and that was that the entries made on an execution by the officer which were sufficient to prevent its dormancy should be entered upon the execution docket of the court from which it issued; and it is now declared, in that section of the code, that when seven years have elapsed from the time of the record upon the execution docket of the last entry upon the execution, made by an officer authorized to execute and return the same, the judgment shall be dormant." The Supreme Court held in that case that since the act of 1885, the same reasons exist for giving an equitable construction to these statutes, in order to prevent dormancy, as previously existed, and "in harmony with the spirit of the rulings heretofore made, and under the unbroken precedents giving to these statutes an equitable construction, it must be again ruled that the dormancy of a judgment is prevented either by proper entries every seven years, duly recorded on the execution docket, or by a bona fide public effort on the part of the plaintiff in fi. fa. to enforce his execution in the courts of the country, at such times and periods that seven years will not elapse between such attempts, or between such an attempt and a proper entry; and that a true construction of section 3761 of the code is, that either proper entries on the execution duly entered on the execution docket, or bona

fide attempts to enforce the same against the property of the defendant within the stated period, will be sufficient to prevent dormancy."

The facts as set out in the foregoing stipulation show that the plaintiff in execution was diligent and vigilant, in continuous and bona fide efforts to enforce against the defendant in execution the collection of his executions, from the date of their issuance, in 1898, to 1906, and that his efforts were constantly and continuously obstructed by the delays of the law, put in operation by the defendant in execution and his wife. It certainly would be inequitable, unjust, and against the reason of the law, to hold that a creditor who had been so persistent and energetic in the assertion of his right to collect his execution against his debtor had permitted it to become dormant, because of a failure to comply literally with the terms of section 3761 of the Civil Code.        *Judgment affirmed.*