*Evins & Spence, Slaton & Phillips, E. V. Carter,* and *Robert C. & Philip H. Alston,* contra.

---

## CRAVEN *v.* MARTIN.

Upon a judgment rendered on the 12th day of May, 1902, an execution was duly issued on the 28th day of September, 1907. On the back of the fi. fa., after stating the case, there is an itemized statement of the principal, interest, and costs due upon the execution, as well as an entry as follows: "Superior Court, Habersham County, Georgia. Entered on the general execution docket, page 164, this 28 day of Sept., 1907. J. A. Erwin, Clerk." Following this is an entry of a levy of the execution upon certain described real estate, dated January 4, 1909, and signed by the sheriff; and on the execution docket of the superior court of the same county are entries showing the names of parties, the amounts due on the fi. fa., and under the head, "date issued and to whom delivered," is the date Sept. 28th, 1907. Nothing further appears showing the date of entry of the fi. fa. upon the execution docket. *Held,* that the entry set forth above is not, under the ruling in the case of *Oliver v. James,* 131 *Ga.* 182, a sufficient compliance with the provisions of §§ 4355 and 4357 of the Civil Code to prevent the dormancy of the

execution after the expiration of the period of seven years from the date of the rendition of the judgment.

OCTOBER 2, 1913.

Claim. Before Judge Jones. Habersham superior court. May 10, 1912.

*McMillan & Erwin,* for plaintiff.   *J. C. Edwards,* contra.

BECK, J. In view of the elaborate discussion of. the question here involved which is to be found in the cases of *Hollis* v. *Lamb,* 114 *Ga.* 740 (40 S. E. 751), and *Oliver* v. *James,* 131 *Ga.* 182 (62 S. E. 73), no further discussion is necessary here. It is proper, however, to call attention to the fact that this case falls within that class of cases where the entry on the execution and on the execution docket was relied on, instead of "bona fide attempts to enforce the same against the defendant within the stated period," to prevent dormancy of the fi. fa. Had it appeared from the record, by evidence duly submitted on the trial of the case, that there had been, within the statutory period, bona fide attempts to enforce the fi. fa. against the property of the defendant, then a different question would have been made. It is true that there is on the fi. fa. itself an entry of a levy and of written notice given to the defendant of the levy. But this, after all, is a mere entry; and such entries, without some further showing as to the actual seizure of property or of a bona fide public effort on the part of the plaintiff in fi. fa. to enforce his execution in the courts at such times and periods that seven years will not elapse between such attempts, or between such attempts and a proper entry, will not suffice to keep the execution alive. There is nothing in the record to show, beyond the entry itself, that the notice was given to the defendant, or that a claim was filed by the defendant within seven years. The claim filed in this case was not in the record as originally transmitted to this court from the superior court; but under the authority given in the Civil Code, § 6149 (4), this court directed the clerk of the superior court of Habersham county to certify and transmit the claim filed in the case; and in compliance with the order the claim was duly certified and transmitted. Upon examination of the same it appears that the claim was not filed until December, 1910. Consequently there is no sufficient evidence of any bona fide attempt to enforce the judgment against the defendant within the statutory period, and the court did not err in

holding that the fi. fa. was dormant. And so holding, a new trial was properly granted.

<em>Judgment affirmed. All the Justices concur.</em>

LUMPKIN, J., concurring specially. The decision in <em>Oliver</em> v. <em>James,</em> 131 <em>Ga.</em> 182, was rendered by the entire bench, and is binding as to the exact points there determined. I am not, however, prepared to abandon what was said in the dissenting opinion in <em>Columbus Fertilizer Co.</em> v. <em>Hanks,</em> 119 <em>Ga.</em> 955 (47 S. E. 222), cited in <em>Rountree</em> v. <em>Jones,</em> 124 <em>Ga.</em> 395 (52 S. E. 325).