4979, 5014. GASKINS *v.* GASKINS *et al.;* and *vice versa.*

1. The court did not err in sustaining the demurrer and dismissing the action. Trover will not lie to recover possession of a deed executed to the defendant, or of non-negotiable notes and certificates of deposit payable to the defendant, upon the ground that these writings were improperly taken in the name of the defendant when they should have been executed to the plaintiff. The present action was brought to recover an apparent muniment of title of the defendant, two promissory notes payable to her, and a time certificate of deposit issued to her; and in none of these papers did the name of the plaintiff appear. Furthermore, under the allegations of the petition, the case was one in which affirmative equitable relief would have been required, and the plaintiff's remedy, if any, lay in a proceeding in equity, to which all persons interested are necessary parties.

2. The decision upon the main bill of exceptions being controlling, the cross-bill of exceptions is dismissed.

DECIDED OCTOBER 7, 1913.

Trover; from city court of Nashville—Judge Christian. May 12, 1913.

*Knight, Chastain & Gaskins,* for plaintiff

*E. K. Wilcox,* for defendants.

RUSSELL, J. John B. Gaskins brought an action of bail-trover against Docia Gaskins and W. T. Rigell Sr., to recover possession of a deed to a certain house and lot in the town of Ray's Mill, two notes of $500 each, executed by W. D. Lee, and a certificate of deposit for $1,380, issued by the Bank of Milltown. The action was dismissed on demurrer, and to this judgment exception is taken in the main bill of exceptions. Prior to the judgment of dismissal the trial judge allowed an amendment to the petition for bail, and the allowance of this amendment is the subject of a cross-bill of exceptions. In the original affidavit in the bail-trover proceeding the property which the plaintiff sought to recover was described as "one warranty deed conveying one house and lot in the town of Ray's Mill . . , taken by Docia Gaskins and W. T. Rigell Sr., in the name of Docia Gaskins instead of to petitioner, J. B. Gaskins, his

money having paid for said property;" also two notes of specified dates for $500 each, signed by W. D. Lee, which notes had been "taken payable to Docia Gaskins to defraud John B. Gaskins out of his land, the same being a part of purchase-money for 100 acres of land sold by said John B. Gaskins to said W. D. Lee;" and also "a certificate of time deposit issued by the Bank of Milltown for $1,380, or other large sum, to Docia Gaskins or to W. T. Rigell Sr., for money placed in said bank by her, which money belonged to John B. Gaskins." In the amendment the petitioner alleged the wrongful conversion by the defendants of the proceeds of the sale of the plaintiff's 100 acres of land which he had authorized them to sell to W. D. Lee; that the land was sold for $3,000, and the defendants received the proceeds, to wit, $2,000 in cash, and the two notes for $500 each; that a part of the proceeds was paid for the house and lot at Ray's Mill which should have been conveyed to the plaintiff, and that the certificate of deposit of $1,380 represented a part of this money. The transaction by which the defendants came into possession of the proceeds of the sale was set forth at length.

It is very apparent, if the allegations of the amendment to the petition are true, that the plaintiff is the victim of misplaced confidence, and is entitled to recover the proceeds of the sale made by his agents, which they have converted to their own use. But the description of the money is insufficient to supply that certainty of identification which in an action of trover is essential to a seizure. The money is not otherwise described than as "$2,000 in cash." In *McElhannon* v. *Farmers Warehouse & Commission Co.*, 95 *Ga.* 670 (22 S. E. 686), the money in question was described as "$3,500 lawful money of the United States," and this description was held to be too vague and indefinite. There was some reference in the *McElhannon* case to the fact that bond had been given, as a bond has been given in the present case, and this is adverted to by counsel for plaintiff in error; but, as was well said by Justice Lumpkin (referring to the *McElhannon* case, supra) in *Harper* v. *Jeffers*, 139 *Ga.* 761 (78 S. E. 174), "How does the fact of the giving or not giving of a bond appear [on demurrer to the sufficiency of the allegations of the petition], unless alleged in the petition?" That there is no pertinency in the fact that bond was given by the defendant in trover is settled by the ruling of the Supreme Court in

*Cooke* v. *Bryant,* 103 *Ga.* 727, 730, 731 (30 S. E. 435), as well as in *Harper* v. *Jeffers,* supra. We think the lower court could properly have held that the description of the money in the amendment was insufficient.

In the view we entertain of this case, however, it is not necessary to rule upon the question raised by the cross-bill of exceptions, as to the propriety of the amendment. Whether the amendment was correctly allowed or not, the allowance of the amendment had the effect of transforming the action into a proceeding equitable in its nature, and one which requires affirmative relief. The city court of Nashville was without jurisdiction to entertain such a proceeding. However, a plain defect, authorizing the dismissal of the action on general demurrer, either before or after the allowance of the amendment, is that the plaintiff himself shows that the title to the papers which he seeks to recover is in the defendant. Even if he could recover the deed, the notes, and the certificate of deposit, he would be in no better position than before. The deed does not convey title to him, but conveys title to Docia Gaskins. Upon it he could not recover possession of the land; and, indeed, the petition alleges that he himself is in possession of the lot at Ray's Mill. The plaintiff could not recover upon notes payable to Docia Gaskins, nor collect from the bank upon a certificate of deposit issued to Docia Gaskins and W. T. Rigell Sr. There is no question that trover will lie to recover deeds. *Gay* v. *Warren,* 115 *Ga.* 734 (42 S. E. 86, 90 Am. St. R. 151). And it may be used as a proper proceeding to recover possession of promissory notes. *Rushin* v. *Tharpe,* 88 *Ga.* 779 (15 S. E. 830) ; *Fisher* v. *Jones,* 108 *Ga.* 490 (34 S. E. 172). It may also be used to recover a bond with interest coupons attached. *Merchants' &c. Bank* v. *Trustees,* 62 *Ga.* 271; *Hoyle* v. *Jones,* 35 *Ga.* 40 (89 Am. D. 273) ; *Nutting* v. *Thomasson,* 57 *Ga.* 418. Under these decisions we doubt not that Gaskins could by trover have recovered the notes mentioned in the present case, if they had been payable to Docia Gaskins *or bearer,* but, according to the record, they were payable to Docia Gaskins, and would not be negotiable without her indorsement; nor could he recover the certificate of deposit. If any of the writings mentioned in the present suit should be cancelled or reformed, this phase of the case would be properly cognizable only in a court of equity.

*Judgment affirmed upon the main bill of exceptions. Cross-bill of exceptions dismissed.*