### 14520.   TOWERS *v.* CITY LAND COMPANY.

STEPHENS, J. 1. The levy in this case having been made within seven years from the date of the issuance of the execution, and the plaintiff in execution having within seven years after the levy twice advertised the property for sale, but being prevented from enforcing his execution, by various court proceedings instituted by the defendant in execution, a motion to dismiss the levy, upon the ground that the judgment upon which the execution had issued was dormant, made upon the hearing of an issue formed by an affidavit of illegality filed by the defendant in execution within seven years from the last advertisement, was properly overruled, and the proffered amendment to the affidavit of illegality, to the same effect, was properly disallowed. Although no entries were made upon any execution docket, the plaintiff's conduct evinced a bona fide public effort to enforce his execution in the courts of the country at such times and periods that seven years did not elapse between such attemps. *Craven* v. *Martin,* 140 *Ga.* 651 (79 S. E. 568) ; *Smith* v. *Zachry,* 1 *Ga. App.* 344 (57 S. E. 1011) ; *First National Bank of Bainbridge* v. *McCaskill,* 27 *Ga. App.* 391 (108 S. E. 819).

2. No other errors assigned in the bill of exceptions are insisted upon by counsel for the plaintiff in error.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 22, 1924.   REHEARING DENIED MARCH 1, 1924.

Affidavit of illegality of execution; from Floyd superior court—Judge Wright.  January 23, 1923.

*Henry Walker,* for plaintiff in error.

*Denny & Wright,* contra.