LATHEM & SONS *v.* HESTER.

No. 10636.   September 16, 1935.

*Howell Brooke,* for plaintiffs in error. *E. M. McCanless,* contra.

Atkinson, J.   On March 13, 1926, a judgment was rendered against W. L. Cloud and another person. Execution issued thereon was, on March 19, 1926, duly entered on the general execution docket. Subsequently W. L. Cloud conveyed certain realty to Boy Hester. On March 10, 1933, the execution was levied on the land, but the levy was not entered on the execution docket. Boy Hester interposed a statutory claim on June 10, 1933, more than seven years after the entry of the execution on the execution docket. The claim case came on for trial on August 8, 1934, before the judge without a jury, upon an agreed statement of facts which showed the case substantially as indicated above. The judge sustained the

claimant's motion to dismiss the levy on the ground that the judgment was dormant. The plaintiff excepted.

The act of 1910 (Ga. L. 1910, p. 121) declares, in part: "Any judgment hereafter rendered in this State shall become dormant and shall not be enforced, if seven years elapse before execution is issued thereon and entered on the general execution docket of the county wherein such judgment is rendered." The act of 1920 (Ga. L. 1920, p. 81) declares: "Such judgment shall likewise become dormant if seven years shall elapse at any time after said execution is issued thereon without an entry on the execution by an officer authorized to execute and return the same, and such entry recorded on said docket, and a second record of said entry shall be made on the general execution docket of the date said return is filed in addition to the entry which is made on the docket of the date that the execution was originally entered; provided, however, that no second record need be made on the general execution docket if the date that the entry is filed is less than seven years from the date of the execution; with the date of such record entered by the clerk. . . It shall not hereafter be necessary, in order to prevent such dormancy, that such entry be recorded or such execution entered on any other dockets." The act of 1920 was passed subsequently to the decisions in *Oliver* v. *James,* 131 *Ga.* 182 (62 S. E. 73), and *Craven* v. *Martin,* 140 *Ga.* 651 (79 S. E. 568), and is applicable to the instant case, which arose prior to the effectiveness of the Code of 1933, § 110-1001. Under proper construction and application of this law, the entry of levy not having been entered on the general execution docket, there was not such compliance with the requirements of the act as will prevent dormancy. The judgment was dormant, and the trial judge did not err in rendering judgment against the plaintiff in fi. fa. The case is not controlled by the ruling in *Hollis* v. *Lamb,* 114 *Ga.* 740 (40 S. E. 751), decided prior to passage of the act of 1910, supra.

*Judgment affirmed. All the Justices concur except*

RUSSELL, C. J., and BELL, J., dissenting. The question of dormancy should be determined as of the time of the levy; and the judgment not being dormant at that time, it did not become so as to the particular property levied on, merely because the entry of levy was not thereafter noted on the execution docket.