RYALS *et al. v.* WIDENCAMP.

HUTCHESON, Justice. 1. In a claim case the claimant may attack the execution on any ground which could *then* be urged by the defendant in fi. fa.; but if the execution is valid as against the defendant, the levy may proceed to subject any interest in the property covered by the lien against defendant. *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618 (48 S. E. 228).

2. Where a claimant acquired title from the defendant in fi. fa. after levy on the property and after the defendant in fi. fa. had filed an affidavit of illegality of the levy, which illegality proceeding had terminated adversely to the defendant in fi. fa. (see *Ryals* v. *Widencamp,* 44 *Ga. App.* 315, 161 S. E. 292), the claimant can not prevail on proof of the same grounds as presented, or for causes which existed and were known, or in the exercise of reasonable diligence might have been known and presented in the illegality proceeding by the defendant in fi. fa. See Code, § 24-3328.

3. "A bona fide public effort on the part of the plaintiff in execution to enforce the execution in the courts, . . made at such times and periods that seven years will not elapse between such attempts or between such an attempt and a proper entry," as provided by the statute, will prevent a judgment from becoming dormant under the seven-years statutory limitation. Code, § 110-1001. Where a levy is made under a fi. fa., which has not become dormant but has been kept in life by a previous levy, the entry of which was recorded on the general execution docket, and where the progress of such subsequent levy has been arrested by the filing of a claim to the property, as shown by the records of the court in which the claim was pending, the claimant will not be heard to assert that pending such levy and the trial of such claim the statute of limitations continued to run against the fi. fa., so that at the time of the trial the execution or judgment had become dormant. *Rogers* v. *Smith,* 98 *Ga.* 788 (2), 790 (25 S. E. 753); *Fulcher* v. *Mandell,* 83 *Ga.* 715, 724 (10 S. E. 582); *Stanford* v. *Connery,* 84 *Ga.* 731, 740 (11 S. E. 507); *Hollis* v. *Lamb,* 114 *Ga.* 740 (40 S. E. 751); *Craven* v. *Martin,* 140 *Ga.* 651, 652 (79 S. E. 568); *First National Bank* v. *McCaskill,* 27 *Ga. App.* 391 (108 S. E. 819); *Towers* v. *City Land Co.,* 31 *Ga. App.* 612 (121 S. E. 701); *Lewis* v. *Moultrie Banking Co.,* 36 *Ga. App.* 347, 350 (136 S. E. 554). This rule that the pendency of claim litigation in a court of record will prevent the running of the statute is subject to the exception that "where pending a claim case the claimant dies, and the plaintiff in execution thereafter allows more than seven years to elapse before taking steps to make parties or to have an entry made upon the execution by an officer authorized to execute and return the same, it becomes dormant."

*Beck* v. *Hamilton,* 113 *Ga.* 273 (38 S. E. 754). No such exception appears under the facts of this case.

4. Under these rulings and the evidence, which showed without dispute the facts stated in these rulings, the court did not err in directing the verdict, finding the property subject to the fi. fa., and ordering the fi. fa. to proceed. *Judgment affirmed. All the Justices concur.*

On motion for rehearing. Russell, C. J., and Atkinson, J., dissent from the judgment.

No. 11615. FEBRUARY 10, 1937. REHEARING DENIED MARCH 16, 25, 1937

*L. J. Cowart* and *Highsmith & Highsmith,* for plaintiffs in error. *H. H. Elders,* contra.