33814.   SCOTT *v.* NAPIER, administrator.

DECIDED JANUARY 23, 1952.

*Edward E. Dorsey, Powell, Goldstein, Frazer & Murphy, Peter J. Rice, George D. Lawrence,* for plaintiff.

*Whitman & Whitman, Martin, Snow & Grant,* for defendant.

SUTTON, C. J.  ■ Code § 110-1001 is as follows: "A judgment shall become dormant and shall not be enforced:

"1. When seven years shall elapse after the rendition of the judgment before execution is issued thereon and entered on the general execution docket of the county wherein such judgment was rendered; or

"2. Unless entry is made on the execution by an officer authorized to levy and return the same and such entry and the date thereof are entered by the clerk on the general execution docket within seven years after the issuance of the execution and its record; or

"3. Unless a bona fide public effort on the part of the plaintiff in execution to enforce the execution in the courts is made at such times and periods that seven years will not elapse between such attempts or between such an attempt and a proper entry.

"The record of the execution made as prescribed in paragraph 1 of this section, or of every entry made as prescribed in para-

graph 2, or any bona fide public effort by the plaintiff in execution to enforce the execution, contemplated by paragraph 3, shall institute a new seven-year period within which the judgment shall not become dormant: Provided, that when an entry is filed for record more than seven years from the date of the execution, the execution shall be re-recorded with all entries thereon, but if filed within seven years, the entry shall be recorded on the original record of the execution.

"It shall not be necessary in order to prevent dormancy that such execution be entered or such entry recorded on any other docket."

In the present case, the original record of the execution was made on September 29, 1924. Within seven years from this date, on July 28, 1930, an entry of nulla bona was made and properly entered on the original record of the execution on said date. The next entry of nulla bona, made on March 25, 1936, and recorded on April 16, 1936, was entered with a re-recording of the execution in another general execution docket book, but all of the entries on the execution were not shown by this re-recording or second recording, as required by the statute. See *A. B. Farquhar Co.* v. *Myers,* 194 *Ga.* 220 (21 S. E. 2d, 432). The entry of July 28, 1930, was omitted.

On April 2, 1943, another entry of nulla bona was made and recorded on that date, under the said second record of the execution entered in 1936, and again without the nulla bona entry of 1930 being recorded thereon. Irrespective of whether or not the reference made to the original record of the execution— "For original record of Fi. Fa. see General Execution Dkt. No. 2."—was a sufficient compliance with the requirement that all entries be set out where a nulla bona entry is filed for record more than seven years from the date of the execution, it does not appear that there was a compliance with the requirements of Code § 110-1001, supra, that the execution be "re-recorded" when the entry of nulla bona on April 2, 1943, was then filed for record, over eighteen years from the time when the execution was first recorded. The above-quoted proviso of the dormancy statute required that this entry of 1943 be recorded with a re-recording or another record of the execution, and this was not done.

The plaintiff in error cites and relies on the case of *Pope* v. *United States F. & G. Co.*, 198 *Ga.* 304 (31 S. E. 2d, 602), but that case differs in its facts from the present one. It was there held that, where an entry of nulla bona was filed for record *within* seven years from the original record of the execution, and the execution was re-recorded with all entries thereon and with a reference to such re-recording from the original record—it being physically impossible to record such entry on the original record as required—this was a substantial compliance with the statute sufficient to prevent the judgment from becoming dormant. Here the recording of the nulla bona entry of 1943, more than seven years after the original record of the execution, without re-recording the execution as above stated, was not sufficient to prevent the running of the dormancy statute, and the judgment became dormant more than three years before the filing of the present action in 1951.

■ The allegations of the petition do not show such a bona fide public effort to enforce the execution in the courts as would prevent the judgment from becoming dormant. The only allegations in this respect are that the sheriff had made diligent searches, but was unable to locate property on which to levy execution; that the sheriff had entered his entries of nulla bona on the execution which the plaintiff then presented to the clerk to be recorded; and that the plaintiff has paid the clerk's and sheriff's costs. "When reliance is put upon the equitable construction of the dormancy act, the kind of bona fide public effort to enforce the execution in the courts contemplated by the law is such as can and must be shown by an inspection of the public records thereof. . . The entry by the city marshal certainly can not be construed to mean a proceeding in the courts of the country." *Lewis* v. *Moultrie Banking Co.*, 36 *Ga. App.* 347, 351 (136 S. E. 554). Nor can a nulla bona entry or entries made by a sheriff or other levying officer and entered on the general execution docket be construed to be a proceeding in the courts. "Under the ruling in *Hollis* v. *Lamb*, 114 *Ga.* 740 [40 S. E. 751], a judgment may be prevented from becoming dormant either by proper and timely entries on the execution, duly recorded on the execution docket of the court from which it issued, or by active and bona fide efforts on the part of the

plaintiff to enforce his execution by appropriate legal proceedings, duly taken. In the opinion it was said that 'the dormancy of a judgment is prevented either by proper entries every seven years, duly recorded on the execution docket, or by a bona fide public effort on the part of the plaintiff in fi. fa. to enforce his execution in the courts of the country at such times and periods that seven years will not elapse between such attempts or between such an attempt and a proper entry.' The mere record of an entry on the general execution docket is not an effort to enforce the execution. . . Such a record is not such an active and public effort as was contemplated by that decision, and can not be considered as sufficient to keep the judgment in life." *Columbus Fertilizer Co.* v. *Hanks,* 119 *Ga.* 950, 954 (47 S. E. 222). See also *Craven* v. *Martin,* 140 *Ga.* 651 (79 S. E. 568); *Oliver* v. *James,* 131 *Ga.* 182, 188 (62 S. E. 73).

▮ The petition to revive the dormant judgment alleged neither the proper record of the execution and entries on the general execution docket, as required by Code § 110-1001, supra, nor a proper bona fide public effort to enforce the execution in the courts made within the time specified by statute; and the trial judge did not err in sustaining the general demurrer thereto and dismissing the action.

*Judgment affirmed. Felton and Worrill, JJ., concur.*