20691.   ROBERTS *v.* BILLINGSLEY.

ARGUED NOVEMBER 9 AND 10, 1959—DECIDED JANUARY 8, 1960—REHEARING DENIED FEBRUARY 11, 1960.

*Anderson, Walker & Reichert, David A. Handley,* for plaintiff in error.

*George L. Jackson,* contra.

DUCKWORTH, Chief Justice. From the substance of all the letters the property finally agreed to between the parties is described as being next to and south of the land of the petitioner in Jones County, Georgia, being approximately 650 feet on Highway 49 and running back about 2800 feet. The above language is sufficient as a key by which with the aid of extrinsic evidence this property of the defendant can be located. The petition

refers to the property as being all the land that the defendant owned in Jones County, and describes it as being the same land as shown by two recorded deeds to which reference is made. Of course, if the property immediately south of the petitioner is approximately 650 feet on the highway and runs back about 2800 feet, and the property described in the petition includes two tracts which do not meet this description, it does not properly describe the property offered and accepted. However, the descriptions in the petition and the letters are sufficient when aided by extrinsic evidence to locate the land intended, and the question is one for a jury to determine from evidence whether or not the property offered and accepted for sale is that sought in the petition. *Mosher* v. *Rogers,* 141 *Ga.* 557 (81 S. E. 852); *Lyle* v. *Phillips,* 141 *Ga.* 618 (81 S. E. 867); *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21, L. R. A. 1915A 317); *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d 374); *Gainesville Midland Ry. Co.* v. *Tyner,* 204 *Ga.* 535 (50 S. E. 2d 108); *Faulkner* v. *McKelvy,* 207 *Ga.* 354 (61 S. E. 2d 478). The amounts of the purchase price, cash and balance, are all definite and the terms of payment of $1,000 per year at 6% with prepayment privilege are also definite. It follows that the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Mobley, J., who is disqualified.*