### 49352. McCREARY v. WRIGHT.

EVANS, Judge.

Miss Elizabeth Wright executed a note, payable to another person, and secured same by a deed to secure a debt, on January 11, 1921. The security deed described certain lands which had comprised the home place of

James G. Wright, deceased. James G. Wright left several heirs, including Miss Elizabeth Wright, who was his daughter. The note was not paid, and the holder sued same to judgment, albeit a partial payment was made sometime before or after the judgment. The fi. fa. was entered on the general execution docket of Wilkinson County in 1949; was kept alive by a new entry on said docket in 1956; and the judgment was allowed to become dormant in 1963.

The note, security deed, judgment and execution were all transferred to John J. McCreary, who advertised the land described in the security deed for sale, and became the purchaser thereof at public sale in 1971.

J. O. Wright purchased all of the interest of all of the heirs (including Miss Elizabeth Wright) in the estate and lands of James G. Wright, deceased.

The present action is a complaint filed by John J. McCreary against J. O. Wright, entitled "complaint for land in the nature of a partitioning," and in which plaintiff prayed a money judgment as to the balance due on the papers transferred to him; or in the alternative, prayed that the court, without the intervention of a jury and without the aid of partitioners, award to him a "40 acre or 50 acre tract," and release to defendant the remaining portion of said estate. The complaint alleged that McCreary owned a one-sixth interest in the lands of said estate.

Defendant filed defensive pleadings, admitted jurisdiction and receipt of notice of partitioning, and denied the remaining material portions of the complaint. Defendant also filed further defenses in which it was contended that the complaint failed to state a claim; and that the money claim was barred by the statute of limitation; and prayed that title be decreed to be in defendant, and prayed for injunctive relief.

Plaintiff moved to strike the defenses and cross claim above mentioned; which, after hearing, the trial court denied. The trial court further allowed and granted the defense of statute of limitation and defense that no claim was stated in plaintiff's complaint, and dismissed the suit. *Held:*

1. The Supreme Court transferred this case to the

Court of Appeals, after which plaintiff instructed the clerk of this court that he was striking his enumeration of error which complained of denial of his motion to dismiss the cross claim which sought equitable relief. Equity is no longer in the case. See *Taylor v. Murray,* 215 Ga. 628 (112 SE2d 583); *Nash v. Williamson,* 212 Ga. 804 (96 SE2d 251). And this case is now a statutory proceeding within the jurisdiction of the Court of Appeals. *Wilkerson v. Wilkerson,* 126 Ga. App. 172 (190 SE2d 140) (from which case the writer dissented, see p. 173 et seq.)

2. The note was sued to judgment, money was paid thereon, and the balance was entered on the general execution docket, subsequently becoming dormant in 1963, as admitted by plaintiff. Code Ann. § 110-1001 (Ga. L. 1955, pp. 417, 418; 1965, pp. 272, 273); *General Discount Corp. v. Chunn,* 188 Ga. 128 (1)(3 SE2d 65); *A. B. Farquhar Co. v. Myers,* 194 Ga. 220 (1) (21 SE2d 432); *Scott v. Napier,* 85 Ga. App. 268 (1) (69 SE2d 111). No claim is shown for a money judgment in view of said dormancy.

3. The court did not err in holding that there was no authority of law empowering the trial court to partition land "without the intervention of a jury or the aid of partitioners." As to partition at law, equity has jurisdiction whenever the remedy at law is insufficient. See Code §§ 85-1501, 85-1502; *Cashin v. Markwalter,* 208 Ga. 444 (1) (67 SE2d 226).

4. Under § 8, CPA (Code Ann. § 81A-108 (e); Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230), a pleading of a claim or defense may be in the alternative. Although the claim of a money judgment is barred by the statute of limitation, the partitioning request remains, albeit same may be defective, as was suggested by the trial court, in some particular. Code Ann. § 81A-108 (a), supra; *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327).

5. Code Ann. § 67-1308 (Ga. L. 1941, p. 487; Ga. L. 1953, Nov. Sess. pp. 313, 314) provides for the reversion of real property, which has been conveyed to secure a debt, after 20 years. That statute will not be applied retroactively to a loan deed made prior to 1941. *Todd v. Morgan,* 215 Ga. 220, 221 (109 SE2d 803). Compare *Williams v. O'Connor,* 208 Ga. 39 (64 SE2d 890).

6. The trial court erred in dismissing the complaint.

The defect of misjoinder of parties may be cured by amendment, by dropping or adding parties on motion of any party or on the court's own motion. Code Ann. § 81A-121 (§ 21, CPA; Ga. L. 1966, pp. 609, 632). While the description of the land is somewhat ambiguous, the reference in the complaint to the James G. Wright home place in Wilkinson County, and various references to recorded deeds, furnishes a sufficient key to identify the land without question. *Faulkner v. McKelvey,* 207 Ga. 354 (61 SE2d 478); *Roberts v. Billingsley,* 215 Ga. 666, 668 (112 SE2d 766). Further, defendant's cross claim refers to the property and prays a decree of title free and clear of plaintiff's claim. The description was adequate.

7. The petition states a claim for partitioning under our new "notice pleadings." See Code Ann. §§ 85-1504, 81A-181, as amended (Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109); *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service, Inc.,* 118 Ga. App. 498 (164 SE2d 246).

*Judgment reversed. Pannell, P. J., and Webb, J., concur.*

ARGUED MAY 10, 1974 — DECIDED JULY 16, 1974 — REHEARING DENIED JULY 26, 1974 —

*John J. McCreary, Robert S. Horne,* for appellant.
*Boone & Scott, Walter A. Scott,* for appellee.