## SMITH *vs.* RUST.

Where, within seven years from the rendition of a judgment, a writ of execution was issued, and entries were regularly made thereon within seven years from its issuance, but upon the trial of a claim case interposed to a levy thereof, the execution was quashed on the ground that it did not follow the judgment, which ruling was affirmed by the Supreme Court (73 *Ga.* 104), and where the plaintiff then sued out an alias *fi. fa.* to make the execution conform to the judgment, and had transferred thereto all the entries on the original execution, it was error to hold that the judgment was dormant.

March 2, 1888.

Judgments. Executions. Statute of Limitations. Before Judge BOWER. Dougherty Superior Court. April Term, 1887.

Reported in the decision.

W. E. SMITH; D. A. VASON, for plaintiff in error.

D. H. POPE; G. J. WRIGHT; R. HOBBS, for defendant.

BLANDFORD, Justice.

In this case, Smith sued the defendants in error and obtained judgment against them in the superior court of Dougherty county; and a writ of execution was duly sued out upon that judgment within seven years from the rendition thereof. Entries were regularly made upon the execution within seven years from the suing out of the same. When it was levied, a claim was interposed by certain parties, and a motion was made to quash the execution on the ground that it did not follow the judgment. The court below sustained this motion, and dismissed the levy. The case was brought here, and the judgment was affirmed. (*Smith vs. Lockett et al.* 73 *Ga.* 104.) The plaintiff in error then sued out an alias *fi. fa.*, to make the execution conform to the judgment, and had transferred to that alias

*fi. fa.* all the entries on the original execution. The court below held that the judgment was dormant. We think that the court erred in so holding. An execution had been issued originally upon this judgment, and it had been levied and kept alive, the plaintiff seeking to get the money due upon the judgment by virtue of this process. The process, though voidable, was not a void process, and was amendable. The levy might fall, but that would not render the judgment dormant. The plaintiff had all the time been active in endeavoring to collect what was due upon the judgment, and it could not be said that no writ of execution had been issued within seven years from the rendition of the judgment. The record shows that the court below put his decision distinctly upon the ground that the judgment was dormant. There is no evidence in the record that the alias *fi. fa.* departed from the judgment.

Judgment reversed.