## LONG *vs.* WIGHT.

Any *bona fide* action of the plaintiff which shows that he intends to keep his judgment alive, will prevent its dormancy; and where there was an entry of levy of an execution upon certain lands, the levy was not void, although the defendant did not own the land at the time it was levied on, and there was no entry of no personal property to be found made prior to the levy on the land, the execution being based on a justice's court judgment. Such an entry, though made by the constable of a different district from that in

which the defendant resided, and although he may have made a mistake in levying upon land when there was personal property, or before the entry of no personal property to be found was made on the execution, was a sufficient entry to prevent the dormancy of the judgment.

April 8, 1889.

Judgments.    Executions.    Dormancy.    Before Judge BOWER.    Decatur superior court.    May term, 1888.

A *fi. fa.* in favor of Wight, proceeding for the benefit of Sizemore, transferee, was levied upon certain cattle as the property of Long, defendant in *fi. fa.*    Long interposed his affidavit of illegality on the following grounds:    (1) Because the *fi. fa.* had been fully paid before the levy.    (2) Because the *fi. fa.* and the judgment on which it is founded are dormant, seven years having elapsed since its date to the first legal entry by an authorized officer.    (3) Because there is no sufficient legal judgment in said case of Wight *vs.* Long.

Upon the trial it appeared that the *fi. fa.* of plaintiff was a common law *fi. fa.*, issued from a justice's court of the 1188th district G. M., dated May 16th, 1874; that on it was an entry of the receipt of $50, December 11th, 1874, signed by plaintiff's attorney; also an entry of levy "on lot of land No. 95, in 19th district," as the property of M. W. Long, dated March 26th, 1881, and signed "F. J. Shores, const., 1005th district G. M."; also an entry of the dismissal of this levy, dated March 28, 1881, and signed by Shores; also the following entry: "I have this day levied this *fi. fa.* on ten head of stock cattle, this January 13, 1886. W. B. Lynn, const., 1188th dist. G. M."

Long testified that, on the 26th of March, 1881, he resided in the 1188th district G. M., and owned no property in the 1005th district G. M., and that there was a constable in the 1188th district.    Sizemore testi-

fied that Long lived across the river in 1881; that Shores, constable of the 1005th district G. M., levied the *fi. fa.* on the land and afterwards dismissed it; and that "lot of land No. 95 in the 19th district is where I live, and is in the 1005th district G. M."

The jury found in favor of the plaintiff and against the illegality. The defendant moved for a new trial on the following grounds:

(1) Error in admitting the *fi. fa.* and entries thereon; the objection being that the entry of levy was void for uncertainty, and contained no definite or sufficient description of the property.

(2–3) Verdict contrary to law and evidence.

(4) Error in striking the third ground of illegality, on demurrer by plaintiff, on terms. (No demurrer to this ground and no order striking it appear in the record.)

The motion was overruled, and defendant excepted.

D. A. RUSSELL, for plaintiff in error.

DONALSON & HAWES, *contra.*

SIMMONS, Justice.

The only ground insisted on before us for a reversal of the court below was, that the court erred in holding that this judgment was not dormant. The judgment was dated May 16th, 1874. On it was entered the receipt of $50, December 11th, 1874; also an entry of levy on lot of land number 95 in the 19th district, as the property of M. W. Long, dated March 26th, 1881, and signed, "F. J. Shores, constable 1005 district, G. M." There was also another levy, dated January 13th, 1886. It was contended by the plaintiff in error that the levy

made by Shores, the constable of the 1005 district, was illegal and void, because levied on a lot of land which did not belong at the time to the defendant in *fi. fa.*, and because there was no entry on the *fi. fa.*, before this levy on the land was made, that no personal property was to be found.

The rule seems to be, according to the decisions rendered by this court, that any *bona fide* action of the plaintiff which shows that he intends to keep the judgment alive, will prevent its dormancy. *Smith vs. Rust,* 79 *Ga.* 519; *Gholston vs. O'Kelly,* 81 *Ga.* 19. As far as appears from this record, the levy was a *bona fide* attempt on the part of the plaintiff in *fi. fa.* to collect the amount of the execution. It shows action on his part to collect his judgment, and this, as we have seen by the above citations, is sufficient to prevent dormancy of the judgment.

But it is contended by the counsel for the plaintiff in error that the evidence shows that the defendant did not own the lot of land at the time it was levied on, and that there was no entry of "no personal property to be found," made prior to the levy on the land. We do not think that for these reasons the levy was void. It was made, it is true, by the constable of a different district from that in which the defendant appears to have resided, but he was "an officer authorized to execute and return the same." Code, §2914. And although he may have made a mistake in levying upon land when there was personal property, or before the entry of no personal property to be found was made on the execution, still, in our opinion, it would be a sufficient entry to prevent the dormancy of the judgment. In the case of *Prendergast vs. Wiseman,* 80 *Ga.* 419, it was held that "a sheriff's return upon a *fi. fa.*, repeated within each period of seven years, to the effect that he knows of no property

on which to levy the *fi. fa.*, prevents the judgment from becoming dormant. And this is so whether the return be true or false, and whether the counsel for plaintiff in *fi.·fa.* knows of property subject to levy or not." BLECKLEY, C. J., in the opinion of the court, says: "The fact of an entry by the proper officer, and not the truth of. it, is the material matter with respect to keeping the *fi. fa.* from becoming dormant. If the officer make a false return, and thereby any person be injured, the re-·dress for the injury is against the officer; and whether it be sought or not, the effect of the return in keeping ·the *fi. fa.* alive is the same."

Judgment affirmed.