## ROGERS *v.* SMITH, administrator.

1. Although an execution founded upon promissory notes given for the purchase money of land of which the plaintiff in execution retained title, cannot, under section 3654 of the code, be lawfully levied upon the land until such plaintiff has executed and had recorded a deed conveying the land to the defendant in execution, yet causing a levy thereon to be made before these things have been done may nevertheless be treated as a *bona fide* and public act of the plaintiff asserting his right to collect the execution, and an entry of such a levy by the sheriff will constitute a new point from which the statute as to dormant judgments will begin to run. This conclusion results from the established doctrine, as laid down in repeated adjudications of this court, that this statute should receive a liberal construction.

2. Where such a levy was made and a claim to the land was interposed by a third person, the running of the statute in question was suspended so long as the claim case remained pending in the court to which the claim was returned.

August 24, 1896.

Affidavits of illegality. . Before Judge Milner.   Bartow superior court.   July term, 1895.

*John W. Akin*, for plaintiff in error.

*J. W. Harris, Jr.*, contra.

SIMMONS, Chief Justice.

Several illegalities to levies between the same parties and involving the same issues were consolidated and submitted as one case to the judge without a jury, upon the following facts, the ground of illegality being that the judgments were dormant.   The plaintiff sold to the defendants certain land, gave them a bond for titles, and took their promissory notes for the purchase money.   He sued upon the notes and obtained judgments thereon, the first judgment being rendered on the 22d of November, 1877, and the last on the 12th of February, 1881, and executions were issued as of the same dates.   On May 2d, 1883, the executions were levied upon the land, an entry of levy signed by the sheriff being made on each execution. A person not a party to the executions nor in privity with the defendant filed a claim to the property, which, it was admitted, remained pending in the superior court long enough to prevent dormancy, if the levies made in 1883 were valid. In April, 1895, a deed of conveyance of the land to the defendant was made and filed by the plaintiff in the office of the clerk of the superior court, and was recorded on the same day, and the levies to which these illegalities were taken were thereupon made.   The illegalities were overruled, and the defendants excepted.

Section 2914 of the code provides that no judgment shall be enforced after expiration of seven years from the time of its rendition, unless execution has been issued thereon,

nor after seven years have expired from the time of the last entry on the execution, made by an officer authorized to execute and return the same. The levies made in 1883, it is true, were illegal, as contended by counsel for the plaintiff in error, for the reason that no deed of conveyance of the land to the defendant was filed and recorded before the levies were made. (Code, §3654; *National Bank of Athens* v. *Danforth,* 80 *Ga.* 56; *McCalla* v. *American Freehold Co.,* 90 *Ga.* 114.) It does not follow from this, however, that the levies were ineffectual for the purpose of preventing dormancy of the judgments. This court has repeatedly held that section 2914, *supra,* is to be construed liberally, and that any *bona fide* and public act on the part of the plaintiff, asserting his right to collect the execution, will prevent dormancy; and an entry has been held sufficient for this purpose even where the levy was illegal. *Long* v. *Wight,* 82 *Ga.* 434; *Gholston* v. *O'Kelley,* 81 *Ga.* 21, and cases cited; *Stanford* v. *Connery,* 84 *Ga.* 741; *Neal* v. *Brockham,* 87 *Ga.* 133. The statute is satisfied where there is any proceeding by the plaintiff, entered of record, which notifies the world that he claims that his judgment is subsisting.

So far as appears, the levies made in 1883 were made in good faith, and they are therefore to be treated as *bona fide* public acts on the part of the plaintiff, asserting his right to collect the executions, and as constituting a new point for the beginning of the prescribed period of limitation. The claim then interposed suspended the running of the statute, and it remained suspended until the claim case was disposed of; for so long as the claim was pending, the plaintiff was prevented from enforcing his execution against the land. *Cox* v. *Montford,* 66 *Ga.* 62; *Stanford* v. *Connery, supra.* Under the facts of the case, therefore, the court was right in overruling the illegalities.

*Judgment affirmed.*