## W. G. FLEMING ET AL. v. C. C. BALL ET AL.

### Decided January 23, 1901.

**1.—Execution Sale After Defendant's Death.**

A sale of land under execution, made after the death of the judgment defendant, is void, although eight years have elapsed since his death and no administration has been had on his estate.

**2.—Same—Creditor's Remedy After Death of Defendant.**

Where a judgment debtor dies, if the judgment is not proven up and paid in the course of administration on his estate, as provided in Revised Statutes, article 2332, the holder of the judgment should, after the time for administration has elapsed, sue the heirs for the debt and to revive the judgment.

**3.—Same—Trespass to Try Title—Equitable Relief.**

Where purchasers of land at an execution sale void because made after the death of the judgment defendant, sue his heirs in the ordinary form of trespass

to try title, asking no equitable relief, the rule that the purchase money paid for the land at the void sale must be repaid before title will be decreed to the heirs has no application, and whoever shows the superior legal title to the land must prevail.

Appeal from Franklin. Trial below before Hon. J. M. Talbot.

*P. A. Turner,* for appellants.

*King & King* and *Chas. S. Todd,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to a certain tract of land off the Daniel Buie survey, instituted by W. G. Fleming and C. C. Carr against C. C. Ball and Mrs. Elizabeth Spradlin. The cause was tried by the court and judgment rendered in favor of appellees.

Appellants claim the land through a sheriff's deed, dated July 7, 1896, which was executed by virtue of an order of sale issued in a case styled J. L. Rutherford v. J. P. Spradlin, which order of sale was issued eight years after the death of J. P. Spradlin. No administration was ever had on his estate. No money was paid by the purchasers at the sheriff's sale, but the amount due on the judgment was credited on a debt due by W. J. Spradlin, son of J. P. Spradlin, to C. C. Carr.

Mrs. Elizabeth Spradlin is the widow of J. P. Spradlin, and C. C. Ball claimed the land through a bond for title from her and the children of J. P. Spradlin. There is but one assignment of error, and under it is submitted the following proposition:

"A sale of land under an order of sale issued on a judgment for money and establishing and foreclosing a vendor's lien on said land, is not absolutely void because the sole defendant in said judgment was dead at the time said order of sale was issued, there being no administration on said estate, and no possibility of one, more than four years having elapsed since the death of the defendant in the judgment."

The proposition is based upon the facts in proof, and presents the only point in the case. There has been some conflict of opinion in Texas on the questions involved, but we think that the correct ruling was made by the district judge, and that the sale under the judgment made after the death of the defendant was void.

A review of the Texas cases shows that the point at issue was first passed upon in the case of Conkrite v. Hartt, 10 Texas, 140, and it was held that a sale of land made after the death of a defendant under an execution issued before his death, was void, and that no tittle was acquired thereby. That decision was affirmed in Robertson v. Paul, 16 Texas, 472; Boggess v. Lilly, 18 Texas, 200; Chandler v. Burdett, 20 Texas, 42; McMiller v. Butler, 20 Texas, 402; Emmons v. Williams, 28 Texas, 778; Cook v. Sparks, 47 Texas, 28; Meyers v. Evans, 68 Texas, 466; Schmidtke v. Miller, 71 Texas, 103; Northcraft v. Oliver, 74 Texas, 162; Hooper v. Caruthers, 78 Texas, 432.

The decision in Conkrite v. Hart was first questioned in Webb v. Mallard, 27 Texas, 83, where Justice Moore expressed a doubt as to its correctness. In Taylor v. Snow, 47 Texas, 462, the decision in Conkrite v. Hart is attacked and overruled through a decision rendered by the same judge who wrote the opinion in Webb v. Mallard. In Cain v. Woodward, 74 Texas, 549, it was held that Taylor v. Snow had overruled the previous decisions on the subject, and it was concluded that a sale of land made under an execution issued after the death of a sole defendant was merely voidable. The opinion was delivered by the Commission of Appeals and adopted by the Supreme Court. It is interesting to note that in the same volume, page 162, in the case of Northcraft v. Oliver, it is said by the Supreme Court: "The evidence in this case shows that the execution under which defendants hold was issued after A. T. Oliver's death, and for that reason was void."

The last decision on the subject is found in Hooper v. Caruthers, 78 Texas, 432, where, after reviewing the Texas authorities, it is said: "Giving technical effect to a judgment, the case of Taylor v. Snow was probably correctly decided on its facts; but we are of the opinion that the law is correctly stated in the other cases referred to, and that a sale made under execution against a deceased person after his death, he being alive at the time judgment was rendered, is void in the sense that it is wholly inoperative to pass title to or against anyone, and therefore may be attacked directly and collaterally."

It is expressly provided in article 2332, Revised Statutes, which was enacted in 1853, that "where a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved and paid in due course of administration." In this case the time had elapsed in which administration could be had on the estate of J. P. Spradlin, and appellants should have sued the heirs for their debt, or to revive the judgment that had been abated by the death of the defendant. McCampbell v. Henderson, 50 Texas, 610; Low v. Felton, 84 Texas, 378. This is an ordinary action of trespass to try title, no equitable relief being asked by either of the parties, and the rule announced in Northcraft v. Oliver, above cited, and reiterated in Halsey v. Jones, 86 Texas, 488, to the effect that in cases like the one before us the purchase money paid for the land at the void sale must be repaid before title will be decreed to the heirs, can have no application. In this state of pleadings "whoever showed the superior legal title to the land was entitled to a judgment, notwithstanding facts may have existed which, if properly pleaded and proved, would have entitled plaintiffs to some affirmative equitable relief should it appear that appellee held the superior legal title." Groesbeck v. Crow, 85 Texas, 200.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.