ALLISON v. RICHARDSON et al.†
(No. 7214.)

(Court of Civil Appeals of Texas. Dallas. Nov. 28, 1914. Rehearing Denied Jan. 2, 1915.)

1. TRESPASS TO TRY TITLE (§ 6*)—SUFFICIENCY OF EVIDENCE OF TITLE.

In trespass to try title against a person in actual possession, who claimed under deeds of conveyance and was not a naked trespasser, where plaintiff had never occupied the land, he could recover, if at all, upon the strength of his title only, and not upon the weakness of defendant's title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–9, 15, 16; Dec. Dig. § 6.*]

2. ABATEMENT AND REVIVAL (§ 39*)—DISSOLUTION OF CORPORATION—"DEFENDANT"—"PLAINTIFF"—"PERSON."

Under Rev. St. 1911, art. 3723, providing that where a sole defendant dies after judgment for money against him execution shall not issue thereon, but that the judgment may be paid in due course of administration; article 3725, defining "plaintiff" as used in that title as the party in whose favor a judgment is rendered, and "defendant" as the party against whom judgment was rendered; and article 5504, subd. 2, providing that "person" includes a corporation—a judgment against a corporation was not enforceable by execution after it had been dissolved by the sale of its roadbed, franchise, tracks, property, and charter rights, under a deed of trust, and a sale under execution of land not included in the sale under the deed of trust was void.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39.*

For other definitions, see Words and Phrases, First and Second Series, Defendant; Plaintiff; Person.]

3. RAILROADS (§ 32*)—DISSOLUTION—WINDING UP AFFAIRS—LIMITATIONS.

Under Rev. St. 1911, art. 6630, providing that whenever a sale of the roadbed, track, franchise, and charter powers, and privileges of a railroad corporation is made, the directors of the corporation shall be trustees of the creditors, and stockholders, and have full power to settle the affairs of the corporation, and article 6539, requiring that land acquired by railroads, not for depots, machine shops, turnouts, and switches, shall be alienated within 12 years, and providing that all lands not so alienated shall become forfeited to the state, where the directors of a corporation, whose franchise, etc., were sold under a deed of trust, never took possession of property not included in the sale, and did nothing toward settling its affairs, for 27 years they had no interest in the land, especially as it must be presumed that they abandoned the trust and could not assume it after such a lapse of time.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 63–69; Dec. Dig. § 32.*]

Appeal from District Court, Henderson County; John S. Prince, Judge.

Trespass to try title by B. M. Richardson against G. W. Allison, in which James Garrity and others intervened. From a judgment for plaintiff and the interveners, defendant appeals. Reversed and rendered.

J. J. Faulk, of Athens, for appellant. W. R. Bishop, of Athens, for appellees.

RAINEY, C. J. This is an action of trespass to try title to 8⅓ acres of land brought by appellee Richardson against appellant. Appellant answered by general demurrer and by plea of not guilty. On the 5th day of February, 1914, James Garrity, W. H. Randolph, and C. T. Bonner intervened, alleging that they were the only surviving directors of the St. Louis Railway Company of Texas, which became defunct on the 10th day of February, 1886, by reason of the roadbed, franchises, tracks, property, and charter rights of said railway company having been sold out by virtue of a deed of trust; that at the time of its demise no one was appointed by any authority to take charge of the said sold-out company, and that they became the trustees of said company's stockholders and creditors; that said Bonner recovered a judgment against said railway company on the 7th day of November, 1884, and he sold an interest to plaintiff; that said judgment was valid and subsisting; and that said land had been sold by virtue of an execution issued thereon, and asked for a judgment against defendant for possession, etc. Defendant answered said plea by plea of not guilty and three years' limitation. A trial resulted in a judgment in favor of plaintiff and interveners, and defendant appeals.

On August 26, 1876, the land in controversy was patented by the state of Texas to R. C. Underwood. In 1880 Underwood and wife conveyed it to the Texas & St. Louis Railway Company in consideration of the location and maintenance of a depot and station on said road contiguous to it. Bonner sued and recovered a judgment against said road for $745.70 on November 6, 1884, and executions were issued thereon from time to time to prevent the statute of limitation of ten years from running. In 1886 the Texas & St. Louis Railway Company's roadbed, tracks, franchises, charter, etc., were sold out under a deed of trust, and said railway company became extinct. This land was not included in the sale and remained unoccupied until a short time prior to January 30, 1913, when it was possessed

by appellant under deeds from parties purporting to be the heirs of the original grantee. On the 30th day of January, 1913, an execution was issued by virtue of the Bonner judgment. It was levied on the land in controversy, which was sold by the sheriff and conveyed by him to appellee Richardson.

[1] Appellant being in actual possession of the land and claiming same under deeds of conveyance, he was not a naked trespasser; therefore appellees could not recover on that ground alone. They had never occupied the land, and, being the actors in this action, must recover upon the strength of their title, if at all, and not upon the weakness of appellant's title. Appellee Richardson's title depends upon the validity of the sale of the land by virtue of an execution issued on the Bonner judgment in his favor rendered against the Texas & St. Louis Railway Company.

[2] The question arises: Was said execution lawfully issued? We think not. Article 3723, R. S., provides:

"When a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration."

Article 3725, R. S., provides:

"By the term 'plaintiff' as used in this title, is meant the party in whose favor the judgment is rendered, and by the term 'defendant' is meant the party against whom judgment was rendered."

Article 5504, R. S., in defining the meaning of words, says in subdivision 2 that " 'Person' includes a corporation." So we construe the word "defendant," as used in article 3723, to include a corporation, and applies to a dissolved corporation with the same force as to a demised person.

The Bonner judgment having been rendered in 1884, and the Texas & St. Louis Railway Company having been dissolved in 1886 by reason of the sale of its franchises, etc., it was in fact dead, and it was unlawful to thereafter issue executions on said judgment, and the sale thereunder was invalid. In this instance 27 years elapsed from the death of the road until the sale of the land was made under the execution. The statute says an execution on a judgment for money shall not issue after the death of the defendant. This positive injunction we take it is mandatory, and no authority exists for the issuance of the execution.

There is some conflict in the decisions of our Supreme Court as to whether a sale of land under execution issued as in this case is void or voidable. We think by the plain import of the statute such a sale is void and that the weight of authority so holds. In the case of Fleming v. Ball, 25 Tex. Civ.

App. 209, 60 S. W. 985, rendered by the Fourth Court of Civil Appeals, and a writ of error denied by the Supreme Court, it was held that such a sale was void and could be collaterally attacked. The sale in that case was made eight years after the death of the sole defendant, and on whose estate there has been no administration. In this case there had been no administration, and the land had been unoccupied for about 25 years. We think the ruling in the Fleming Case is the correct one, and we will follow it.

[3] When the Texas & St. Louis Railway Company became extinct, its directors became trustees of its unsold property, and were entitled to administer it for the benefit of creditors and stockholders. Article 6630, R. S.; Aldridge v. Pardee, 24 Tex. Civ. App. 254, 60 S. W. 790.

When the railway corporation became extinct, its directors (interveners) did not assume the duty imposed upon them by law. They never took possession of the property, nor did they do anything towards settling up the affairs of the concern; but from their nonaction it must be presumed that so long a time having elapsed they abandoned the trust and cannot now assume it, therefore whatever rights they may have had in the matter have been lost.

The appellant invokes article 1206, R. S., which limits the time for the settlement of the affairs of a dissolved private corporation by its directors to three years. We find no time fixed by the statute under the title "railroad," in which the administration of the affairs of a defunct railroad is to be terminated. We find, however, in article 6539, R. S. 1911, that land acquired by railroads not for depots, machine shops, turnouts, and switches, shall be alienated by the expiration of 12 years, and all land not so alienated shall become forfeited to the state, and it would seem from this, whether the terms of article 1206 apply to this case, that such a length of time has elapsed that such interest as may have been held by the interveners had ceased to exist.

At the time the said railroad was sold out and the corporation ceased to exist, the Bonner judgment was a valid and existing claim and could have been collected through the trustees. He never presented said claim, nor took any steps to have it paid. It was not enforceable by the writ of execution, but under the law it was only collectible through the administration of the affairs of said defunct railroad company.

The plaintiff and interveners failing to show any title in themselves as against appellant, the judgment of the court below is reversed, and judgment here rendered for appellant.