RICHARDSON et al. v. ALLISON.
(No. 60—2786.)

(Commission of Appeals of Texas, Section B. June 21, 1919.)

CORPORATIONS ⚷619—DISSOLUTION—TRUSTEES—SECRETARY AND SURVIVING DIRECTORS—STATUTE.

Despite Rev. St. 1911, art. 3723, relating to deceased natural persons only, and having no application to dissolved corporations, under article 6630, a clear right is vested in the last secretary of a sold-out railway company and the sole surviving members of its last board of directors, as trustees of the property of the sold-out company, to maintain an action for its recovery, and, when they assert the validity of an execution sale and their rights as trustees, the sale is not open to challenge by a naked trespasser.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by B. M. Richardson against G. W. Allison, wherein C. T. Bonner and others intervened, resulting in judgment for plaintiff and the interveners, which was reversed by the Court of Civil Appeals and judgment rendered for defendant (171 S. W. 1021), and plaintiff and the interveners bring error. Judgment of the Court of Civil Appeals reversed, and judgment of the trial court affirmed on recommendation of the Commission of Appeals.

Richards & Watkins and W. R. Bishop, all of Athens, for plaintiffs in error.

J. J. Faulk, of Athens, for defendant in error.

McCLENDON, J. In 1884, C. T. Bonner recovered a money judgment in the county court of Smith county against the Texas & St. Louis Railway Company. Upon this judgment, original, alias, and pluries executions were issued at intervals up to 1913, so as to prevent the judgment from becoming dormant or barred. On January 30, 1913, execution under this judgment was levied upon 8.21 acres of land in Henderson county, which land had been patented in 1876 to R. C. Underwood, and in 1880 by said Underwood conveyed to said railway company. At the sale under this levy, the plaintiff B. M. Richardson became the purchaser. In 1886 the franchises, roadbed, railway, etc., of the railway company were sold under order of the federal court at Waco. From the sale, however, was expressly reserved all lands of the company other than those necessary for right of way, depot, and shop grounds, and reservations for railroad purposes. The land levied upon was not embraced in the receivership sale. In the latter part of 1912, the defendant, G. W. Allison, acquired deeds to the property from the heirs at law of R. C. Underwood. Plain-

---

tiff Richardson brought this suit in trespass to try title to recover of defendant Allison the title and possession of the land. C. T. Bonner, James Garrity, and T. H. Randolph intervened, alleging that Bonner was the owner of the judgment mentioned and the last secretary of the railway company, and that Garrity and Randolph were the sole surviving members of its last board of directors, and as such were trustees of the sold-out company at the time its franchises, etc., were sold, no other person having been appointed by either the legislature or any court of competent authority; that they were trustees for the plaintiff and other creditors, if any, and the stockholders of the sold-out company; that the judgment against the company in favor of Bonner, and execution sale thereunder, were valid, and vested title in plaintiff. Their prayer was that they and the plaintiff have judgment against defendant for title and possession of the land sued for. There was no verified pleading denying that intervenors were entitled to recover in the capacity in which they sued, as required by article 1906, subd. 3, R. S.

The trial court rendered judgment for plaintiff and interveners. This judgment was reversed by the Court of Civil Appeals, Fifth District, and judgment rendered in favor of defendant. 171 S. W. 1021.

We have no statute inhibiting a sale under execution of the character here presented. We are clear in the view that article 3723, R. S., relates to deceased natural persons only, and has no application to sold-out or dissolved corporations.

"Whenever a sale of the roadbed, track, franchise and chartered powers and privileges is made as hereinbefore provided (unless other persons shall be appointed by the Legislature or by some court of competent authority), the directors or managers of the sold-out company at the time of the sale, by whatever name they may be known in law, shall be the trustees of the creditors and stockholders of the sold-out company, and shall have full powers to settle the affairs of the sold-out company, collect and pay the outstanding debts, and divide among the stockholders the money and other property that shall remain after the payment of the debts and other necessary expenses; and the persons so constituted trustees shall have authority to sue by the name of the trustees of such sold-out company, and may be sued as such, and shall be jointly and severally responsible to the creditors and stockholders of such company, to the extent of its property and effects that shall come to their hands." R. S. art. 6630.

. Under this statute, the clear right is vested in interveners, as trustees of the property of the sold-out corporation, to maintain an action for its recovery. And when, as in this case, they are in court, asserting the validity of the execution sale and their rights as trustees of the property, the execution sale is not open to challenge by defendant, a naked trespasser.

We therefore conclude that the judgment of the Court of Civil Appeals should be reversed, and the judgment of the district court affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

☚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes