# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1921.

---

12205. FIRST NATIONAL BANK OF BAINBRIDGE *v.*
McCASKILL, executor, *et al.*

Under the law existing at the time the judgment in this case was
obtained, dormancy of an execution could be prevented either by a
proper entry thereon every seven years by an officer authorized to
execute and return the same, and the recording of the said entry on
the execution docket of the court in which the judgment was obtained,
with the date of recording, entered by the clerk (Civil Code of 1910,
§§ 4355-57), or by a bona fide public effort on the part of the plain-
tiff in·fi. fa. to enforce his execution in the courts at such times and
periods that seven years would not elapse between such attempts, or
between such an attempt and a proper entry.

DECIDED OCTOBER 6, 1921.

Action on bond; from city court of Bainbridge — Judge
Spooner. January 11, 1921.

On September 14, 1907, the plaintiff in error obtained judg-
ment against Sam and Will Donalson as principals, and W. E.
Griffin as indorser. Execution was issued and was entered on
the general execution docket on September 17, 1907. On Septem-
ber 8, 1912, the execution was levied, and on September 18, 1912,
a claim to the property levied upon was filed and a forthcoming
bond given, with J. C. McCaskill as principal and M. E. Nussbaum
as security. The claim case was tried September 29, 1914, and a
verdict rendered finding the property subject to the execution.
The property was advertised for sale in June, 1915, and a portion

391

.of it was produced at the sale. J. C. McCaskill died and A. L. Mc-
Caskill qualified as his executor. On February 24, 1920, suit was
filed on the forthcoming bond. Pleas were filed by both A. L. Mc-
Caskill, as executor, and M. E. Nussbaum. On the trial the court
ruled out all the evidence offered by the plaintiff, and granted a
nonsuit; and the plaintiff excepted.

*John R. Wilson,* for plaintiff.

*W. V. Custer, T. S. Hawes,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The
bill of exceptions recites that the plaintiff tendered in evidence the
fi. fa. of the First National Bank of Bainbridge against Sam and
Will Donalson, principals, and W. E. Griffin, indorser, dated and
entered on the general execution docket September 17, 1907, with
the entry of levy thereon, dated September 8, 1912, together with
all other entries on the fi. fa. The defendants objected to this evi-
dence " on the ground that the fi. fa. was dormant on the date that
the property was advertised for sale, to wit, the first Tuesday in
June, 1915, and said fi. fa. was dead before this suit was filed."
The court sustained these objections and excluded the fi. fa. and
entries thereon from the consideration of the jury. This court is
therefore to determine whether or not the judgment was dormant
in June, 1915. Were this a case of first impression we would say
that this question is settled by the plain and unambiguous words of
the statute. However, under a number of rulings of the Supreme
Court, which have been followed by this court, there are two ways
by which a judgment, rendered when this one was, could be pre-
vented from becoming dormant: first, by proper entry thereon
every seven years by an officer authorized to execute and return the
same and the recording of the said entry on the execution docket of
the court in which the judgment was obtained, with the date of
recording entered by the clerk, as provided by sections 4355, 4357
of the Civil Code of 1910, or " by a bona fide public effort on the
part of the plaintiff in fi. fa. to enforce his execution in the courts
of the country at such times and periods that seven years [would]
not elapse between such attempts or between such an attempt and
a proper entry." *Hollis* v. *Lamb,* 114 *Ga.* 745, 746 (40 S. E. 751).
The first of these methods is based upon the express language of the
statute, the second grows out of an equitable construction thereof.
This equitable construction of the dormancy statute has been ad-

hered to by the Supreme Court from the case of *Wiley* v. *Kelsey,* 3 *Ga.* 274, to the last pronouncement of that court upon the subject. By keeping in view these different methods, some of the apparent conflicts in the decisions of the Supreme Court can be reconciled. In the *Wiley-Kelsey* case, supra, the Supreme Court held: "If an execution is not barred under the dormant-judgment act, at the time it comes into court to claim money, the statute can not subsequently attach, pending the litigation respecting the distribution of the fund." In *Hart* v. *Evans,* 80 *Ga.* 330 (5 S. E. 99), Mr. Chief-Justice Bleckley said: "Creditors are never barred by lapse of time whilst the law itself hinders them from proceeding." And see *Cox* v. *Montford,* 66 *Ga.* 62 (2). In *Fulcher* v. *Mandell,* 83 *Ga.* 715 (1) (10 S. E. 582), it was held: "When judgment was obtained and the execution issuing therefrom was levied upon land, and a claim was interposed, the prosecution of this claim in the courts for over six years was such a public act on the part of the plaintiff in judgment as to prevent the statute of limitations from running pending the litigation, as to all the property of the defendant." See also *Rogers* v. *Smith,* 98 *Ga.* 789 (2), and cases cited on page 790 (25 S. E. 753), where Mr. Chief Justice Simmons said: "The statute is satisfied where there is any proceeding by the plaintiff entered of record which notifies the world that he claims his judgment is subsisting." In *Long* v. *Wight,* 82 *Ga.* 431, the Supreme Court (p. 434) (9 S. E. 535) said: "The rule seems to be, according to the decisions rendered by this court, that any bona fide action of the plaintiff which shows that he intends to keep the judgment alive, will prevent its dormancy. *Smith* v. *Rust,* 79 *Ga.* 519; *Gholston* v. *O'Kelley,* 81 *Ga.* 19. As far as appears from this record, the levy was a bona fide attempt on the part of the plaintiff in fi. fa. to collect the amount of the execution. It shows action on his part to collect his judgment, and this, as we have seen by the above citations, is sufficient to prevent dormancy of the judgment."

In *Easterlin* v. *New Home Sewing Machine Co.,* 115 *Ga.* 305 (41 S. E. 595), Mr. Justice Little, in concluding his opinion, said: "It clearly appears that the executions were issued upon the judgments within seven years from their date, and that these executions were placed upon the docket within seven years, and that less than seven years elapsed between the time they were so en-

tered and the date they were placed in the hands of the officer to claim the money arising from the sale of the property of the defendant in execution. This being true, they were not dormant, and the trial judge erred in ruling that these fi. fas. could not participate in the distribution of the fund." See also *Nelson* v. *Gill, 56 Ga.* 536; *Stanford* v. *Connery, 84 Ga.* 731 (11 S. E. 507), and cases cited in *Gholston* v. *O'Kelley,* supra. The first headnote in *Hollis* v. *Lamb,* supra, is as follows: " Active and bona fide efforts on the part of a plaintiff in fi. fa. to enforce his execution by any appropriate legal proceedings are, if duly taken, sufficient to prevent the dormancy of the judgment on which it issued; and in order to have this effect it is not necessary that any entry relating to such efforts, other than those otherwise required or authorized to be made on the execution, shall be entered either on the execution itself or the execution docket of the court in which the judgment was rendered." In discussing that case Mr. Justice Little reviewed the statutes on the subject of dormancy of judgments, and a number of the decisions of the Supreme Court, and concluded his opinion as follows: " This brings us to a consideration of the act of 1885 (Acts 1884-5, p. 95), on which section 3761 of our Civil Code [Civil Code of 1910, § 4355] is based. That act made practically but one change in the law as it then stood in relation to the dormancy of judgments, and that was that the entries made on an execution by the officer which were sufficient to prevent its dormancy should be entered upon the execution docket of the court from which it issued; and it is now declared in that section of the code that when seven years have elapsed from the time of the record upon the execution docket of the last entry upon the execution, made by an officer authorized to execute and return the same, the judgment shall be dormant. If the provisions of the previous law which required proper entries to be made upon the execution every seven years in order to prevent dormancy did not, under the construction of that statute by our court, render such judgment dormant in the absence of such entries when the plaintiff in fi. fa. was making public attempts to enforce his execution within the limitation, it would be inconsistent to now rule that the mere addition of a requirement that such entries should be placed upon the execution docket has abrogated the rule of equitable construction which has invari-

ably been given to statutes in relation to the dormancy of judgments. In harmony with the spirit of the rulings heretofore made, and under the unbroken precedent giving to these statutes an equitable construction, it must be again ruled that the dormancy of a judgment is prevented either by proper entries every seven years, duly recorded on the execution docket, or by a bona fide public effort on the part of the plaintiff in fi. fa. to enforce his execution in the courts of the country, at such times and periods that seven years will not elapse between such attempts, or between such an attempt and a proper entry, and that a true construction of section 3761 of the code [Civil Code of 1910, § 4355] is, that either proper entries on the execution duly entered on the execution docket or bona fide attempts to enforce the same against the property of the defendant within the stated period, will be sufficient to prevent dormancy." See also the opinion of Chief Judge Hill in *Smith* v. *Zachry*, 1 *Ga. App.* 344, and opinion of Justice Beck in *Craven* v. *Martin*, 140 *Ga.* 652 (79 S. E. 658).

Section 4355 of the Civil Code of 1910, which is construed above, is the law under which this case must be decided. Under the express terms of this statute the judgment which was rendered September 14, 1907, would become dormant within seven years from that date unless the judgment was entered upon the execution docket of the court in which it was rendered, but not having been so entered, and no other entry on the execution docket having been made, under the foregoing ruling was the dormancy prevented by "any bona fide action of the plaintiff which shows that he intends to keep the judgment alive?" On September 8, 1912, the execution was levied and a claim filed. This claim was tried September 29, 1912, the execution ordered to proceed, and the property advertised for sale in June, 1915. The Supreme Court has held, as shown by its opinions hereinbefore cited, that a levy "was a bona fide attempt on the part of the plaintiff in fi. fa. to collect the execution;" that the prosecution of the claim "was such a public act on the part of the plaintiff in judgment as to prevent the statute of limitation from running pending the litigation;" and that "it would be inconsistent to now rule that the mere addition of a requirement that such entries [on executions] should be placed upon the execu-

tion docket has abrogated the rule of equitable construction which has invariably been given to statutes in relation to the dormancy of judgments;" that "creditors are never barred by the lapse of time while the law itself prevents them from proceeding," and that it is only necessary to show efforts to collect the execution and that such efforts were made "at such times and periods that seven years will not elapse between such attempts." Applying to the judgment in this case the "equitable construction" rule laid down by the Supreme Court, it appearing that seven years did not elapse between efforts to collect the execution, the judgment was not dormant "at the time the property was advertised for sale," and the trial judge erred in treating it as dormant.

All the other rulings complained of in the bill of exceptions were based upon a mistaken idea of the court that the execution was dormant; and, as the case is to be tried again, it is unnecessary to consider the other allegations of error, all of them being controlled by this ruling.

The Supreme Court having so long adhered to the rule of equitable construction laid down in *Hollis* v. *Lamb,* supra, we will not comply with the request of counsel for plaintiff in error and certify this case to the Supreme Court and ask that that case and "all other cases following it be reviewed and overruled."

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*