## LUIS TERRAZAS V. T. J. DONOHUE ET AL.

No. 3622.   Decided June 24, 1925.

(275 S. W., 396).

**International Law—Case Followed.**

This, being a companion case to that of Terrazas V. Holmes, ante, p. 32, is governed by the rulings therein, which are here followed. (Pp. 47, 48.)

Error to the Court of Civil Appeals for the Eighth District in an appeal from El Paso County.

Terrazas sued Donahue and others to recover cattle brought into Texas from Mexico.   They were formerly the property of Terrazas, a citizen of Mexico, and were claimed by defendants by virtue of their seizure, confiscation and sale by authority of Francisco Villa, as Military Governor of Chihuahua, under Carranza, then recognized by the United States as President of Mex-

ico. Judgment was rendered for defendants and plaintiff appealed. The judgment was affirmed, 227 S. W., 206, and the appellant, Terrazas, obtained writ of error.

*Waters Davis* and *J. M. Goggin,* for plaintiff in error.

*F. G. Morris,* for defendants in error.

For briefs of both parties see Terrazas v. Holmes, ante, pp. 33-38.

MR. JUSTICE PIERSON delivered the opinion of the court.

We quote the following from the opinion of the Honorable Court of Civil Appeals:

"This is a companion case to Luis Terrazas v. Holmes et al., decided by this court at its present term, the opinion not yet published.

"Appellee, Donohue, having in his possession 325 head of cattle claimed by appellant, Terrazas, in order to have appellant forego steps to sequester said cattle, gave a bond with the other appellees as sureties, conditioned that he would pay any judgment that appellant might recover decreeing the title to said cattle to be in appellant. Wherefore appellant brought this suit to recover on said bond the value of said cattle. Upon trial before the court without a jury judgment was rendered in favor of appellees. From that judgment appellant perfected his appeal to this court.

"It was admitted: 'That the cattle involved in this suit were, prior to the decree of confiscation, Terrazas' cattle, or the increase of Terrazas' cattle.'

"The trial court made findings of fact which we need not state in full, as much of it is included in the above admission. The trial court's findings include the following:

"Terrazas owned the cattle on the ranches on which they were raised, on and prior to the 12th day of December, 1913; and on and prior to the first day of December, 1913, had control and possession of his cattle and his ranches. On the first day of December, 1913, Terrazas crossed into the United States with the foreman of his ranches in flight from the excesses of Francisco Villa. * * * Terrazas has never voluntarily parted with the title or possession of the cattle. * * * At the time Terrazas came to the United States a condition of war existed in Mexico, wherein Carranza and others had organized and brought about a revolution against what was known as the Huerta government. Through this revolution, inaugurated under a declaration of prin-

ciples and policies known as the Plan of Guadalupe, Francisco Villa became Military Governor of the State of Chihuahua, and was otherwise designated First Chief of the Constitutional Army of the State of Chihuahua. That at the time of the Decree of December 12th, herein, the Constitutionalists were in military control of the State of Chihuahua and while in control Francisco Villa issued the following decree."

Then follows the decree of confiscation of property issued by Francisco Villa, Military Governor of the State of Chihuahua under the Carranza government. This decree is set out in full in the case of Terrazas v. Holmes, opinion of this court, delivered concurrent herewith, and in the cases of Terrazas v. Donohue, 227 S. W., 206, and Terrazas v. Holmes, 225 S. W., 848, opinions of the Court of Civil Appeals for the Eighth Supreme Judicial District.

Under the decree, and concurrent with it, agents of the Carranza government took possession of the ranches and cattle of plaintiff in error. Afterwards the cattle here sued for were sold to and came into the possession of defendant in error.

The issues of fact and law in this case are the same as in the case of Terrazas v. Holmes, supra, and the same rulings apply.

We do not deem it necessary to enlarge on the opinion of the Court of Civil Appeals, 227 S. W., 206, but quote its concluding paragraph, as follows:

"If the title to the cattle passed from Terrazas to the Constitutionalist army by reason of the act of confiscation, or by reason of the act of seizure of the cattle by General Villa, appellant would have no title to assert against appellees unless by some means his former title reinvests in him, or by some subsequent act he again becomes the owner. Evidently the plaintiff's title to the cattle was not merely suspended while he was out of possession, and reinvested in him by reason of the giving of the bond by appellees. The facts found by the court show that appellees became the owners of whatever title the military authority of the revolutionary party had."

We cannot review or reform the acts of the Carranza government, the de jure government of Mexico, in its relations to its citizens.

In this connection, see our opinions in the cases of Cia. Minera Ygnacio Rodriguez Ramos, S. A. v. Bartlesville Zinc Company et al. and Terrazas v. Holmes, delivered today.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*