**GRISSOM et al. v. F. W. HEITMANN CO. et al.**

**No. 10835.**

Court of Civil Appeals of Texas. Galveston.

June 28, 1939.

Rehearing Denied July 20, 1939.

Cole, Patterson & Cole and Robert L. Cole, Jr., all of Houston, for appellants.

Baker, Botts, Andrews & Wharton and Strother Simpson, all of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Harris County denying an application for a permanent injunction brought by appellants, Alice Grace Peck Grissom and her husband, V. N. Grissom, to restrain appellees, F. W. Heitmann Company and Norfleet Hill, sheriff of Harris County, from selling Lot No. 3 in Block No. 7 of Sherman Place, a subdivision of the south half of the Thomas Choate League in Harris County, under a pluries writ of execution issued in a suit in the county court at law No. 2 of Harris County, in which appellee, F. W. Heitmann Company, secured a judgment against G. R. Peck, the deceased husband of appellant, Alice Grace Peck Grissom.

Appellants alleged the invalidity of said writ of execution by reason of the fact that G. R. Peck, the defendant in execution, was dead when an alias writ of execution was isued on April 12, 1933, and that said judgment was barred by the ten years' statute of limitation.

Appellees answered, admitting the record facts alleged by appellants, and pled that said judgment was valid, subsisting and unpaid and was a lien against said property and denied that it was barred by limitation. Appellee Heitmann Company pled in the alternative for foreclosure of its alleged judgment lien, a renewal of the judgment or judgment against appellant Alice Grace Peck Grissom for the amount of the judgment debt to be satisfied out of non-exempt assets devolving upon her upon the death of the judgment debtor, G. R. Peck.

In a trial before the court without a jury judgment was rendered denying the injunctive relief prayed for and denying any personal judgment against appellant, Alice Grace Peck Grissom, except for a small item of costs. It further provided for a temporary injunction pending appeal upon the filing by appellants of a supersedeas bond. This bond was duly filed.

Appellants base their appeal upon the action of the trial court in dissolving a temporary injunction previously issued, and the refusal by the court to issue a permanent injunction as prayed for.

The facts in the case, which are undisputed, are agreed to by counsel for both parties. The following facts are material to this appeal:

On April 4, 1923, appellee, F. W. Heitmann Company, recovered judgment against G. R. Peck in the county court at law No. 2 of Harris County for the sum of $296.75, with interest.

On April 17, 1923, an abstract of this judgment was filed for record with the county clerk of Harris County, and on May 24, 1923, the F. W. Heitmann Company caused a writ of execution to issue on said judgment. A nulla bona return was made on said writ.

In 1929 the judgment debtor, G. R. Peck, inherited the above described property from his mother under the laws of descent and distribution. No administration was had on his mother's estate, and no instrument was filed for record which could be construed as notice to appellees of its acquisition. The F. W. Heitmann Company had no notice or knowledge thereof, either active or constructive.

On November 20, 1932, G. R. Peck died intestate, leaving as his sole surviving heir his widow, Alice Grace Peck Grissom, upon whom the property in question devolved. Judgment creditor, F. W. Heitmann Company, had no notice or knowledge of the death of G. R. Peck until after the expiration of four years following his death, and no administration was ever taken out on his estate.

On April 12, 1933, an alias execution was issued on said judgment and a return of nulla bona was made thereon. At the same time a new abstract of judgment was filed for record with the clerk of Harris County.

On April 7, 1938, a pluries execution was issued on said judgment by the sheriff of Harris County, and said property was offered for sale. A temporary restraining order was issued in this cause restraining said sale.

No payment has been made on said judgment. It is stipulated by the parties that sufficient non-exempt property devolved upon Alice Grace Peck Grissom to satisfy said judgment.

The controlling question in this appeal is whether the issuance of an alias writ of execution within ten years of the issuance of the first writ of execution, and after the death of the judgment debtor upon whose estate no administration had been had, is effective to prevent the judgment from becoming dormant and from being barred by limitation.

Appellants contend that the alias execution issued on April 12, 1933, within ten years of the date of the issuance of the original execution on May 24, 1923, but subsequent to the death of G. R. Peck, which occurred on November 20, 1930, was void as a matter of law, under Article 3778, R.S.1925, and unavailing to vitalize said judgment or the lien thereunder.

Art. 3778 provides: "If a sole defendant dies: after a judgment for money against him, execution shall not issue thereon, but the judgment may be proved up and paid in due course of administration."

Art. 3773, R.S.1925, which was in effect at the date of the rendition of said judgment, was passed by the 24th Legislature in 1895 (chapter 3). It is designated as "An.act to regulate the issuance of executions upon judgments of courts of record, and to prevent such judgments from becoming dormant." Said Art. 3773 is as follows: "Section 1. Be it enacted by the Legislature of the State of Texas: If no execution is issued within twelve months after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived; but where the first execution has issued within the twelve months the judgment shall not become dormant unless ten years shall

have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

We are unable to sustain appellants' contention that said alias writ of execution issued on April 12, 1933, was ineffective as a matter of law to prevent said judgment from being barred by limitation.

█ While a sale made under execution issued after the death of the judgment debtor, he having been alive at the time the judgment was rendered, is void in the sense that it is inoperative to pass title and may be attacked, either directly or collaterally, under the express terms of Art. 3773, R. S.1925, the issuance of an alias execution within ten years after the issuance of the first writ of execution is effective to prevent a judgment from becoming dormant or from being barred by limitation.

In the case of Cabell v. Orient Ins. Co. et al., 22 Tex.Civ.App. 635, 55 S.W. 610, 611, a money judgment was recovered in Bowie County. The present statute, Art. 3780, which was then in force, provides that: "Where the execution requires that the judgment shall be made out of the property of the debtor, it shall be issued in the first instance to the county in which the judgment is rendered, and upon the return thereof that no property can be found, or not sufficient to satisfy the same, execution may be issued to any other county in the State."

In this case the first execution was issued in Dallas County. The court held that this first execution, though issued in violation of the above statute, was sufficient to prevent the judgment from becoming dormant. The court in its opinion says: "An execution issued in the first instance to a county other than the one in which the judgment was rendered is not void, but is irregular. It may be avoided at the instance of the defendant in judgment. Earle v. Thomas, 14 Tex. 583; Hancock v. Metz, 15 Tex. 205; Norwood v. Orient Insurance Co., Tex.Civ.App., 44 S.W. 188. * * * We have not been cited to any authority in this state on the question whether an execution irregularly issued, and for that reason enjoined, is sufficient to prevent the judgment from becoming dormant. The question is passed upon by the supreme court of Georgia in the case of Smith v. Rust, 79 Ga. 519, 5 S.E. 250, and it is there held that an execution irregularly issued, and for that reason quashed, was

sufficient to prevent the judgment from becoming dormant. The case of Hutsonpiller's Adm'r v. Stover's Adm'r, 12 Grat. 579, is referred to by the text writers as sustaining the same doctrine. That case is not accessible to us."

It is held in the case of Smith v. Rust, 79 Ga. 519, 5 S.E. 250, 251, that, "The process, though voidable, was not a void process, and was amendable. The levy might fall, but that would not render the judgment dormant. The plaintiff had all the time been active in endeavoring to collect what was due upon the judgment, and it could not be said that no writ of execution had been issued within seven years from the rendition of the judgment."

■■ The holding of the court in the case of Morgan v. Massillon Engine & Thresher Co., Tex.Civ.App., 274 S.W. 255, writ of error refused by Supreme Court in per curiam decision in 115 Tex. 46, 277 S.W. 78, is applicable to the instant case in that, first, failure to comply in any way with Art. 3773 will not incur the penalty of barring a judgment if the facts show justification for failure to comply with the provisions of said article (in the Morgan case no execution was issued for sixteen years), and second, that the issuance of execution after the death of the judgment debtor under facts which show justification for the failure to comply with the provisions of that article is not void.

The rule laid down in the case of Morgan v. Massillon Engine & Thresher Co., supra, is followed in the case of Bridges v. Wilder, Tex.Civ.App., 72 S.W.2d 644, under a state of facts similar in many respects to those in the Morgan case.

■ The holding of the court in the case of Fleming v. Ball, 25 Tex.Civ.App. 209, 60 S.W. 985, writ of error refused, is applicable to the instant case. In this case an order of sale was issued eight years after the death of the sole defendant. There had been no administration on his estate. The court in its opinion said:

"'We are of the opinion that the law is correctly stated in the other cases referred to, and that a sale made under execution * * * after his death, he being alive at the time judgment was rendered, is void in the sense that it is wholly inoperative to pass title to or against any one, and therefore may be attacked directly and collaterally.' It is expressly provided in article 2332, Sayles' Civ.St., which was enacted in 1853, that, 'where a sole defendant dies after judgment for money against him, execution shall not issue thereon, but the judgment may be proved and paid in due course of administration.' In this case the time had elapsed in which administration could be had on the estate of J. P. Spradlin, and appellants should have sued the heirs for their debt or to revive the judgment that had been abated by the death of the defendant."

■ Under the above authorities, we think that a sale of the land in question under said pluries writ of execution would have been inoperative to pass title and that appellants are entitled to the injunction sought by them restraining said sale. We think, however, that said judgment is neither dormant nor is it barred by limitation, and that, under the undisputed facts, appellee, F. W. Heitmann Company, is entitled to either a foreclosure of its lien against said land or a renewal of said judgment or a judgment against the heirs of the said G. R. Peck, deceased, for the amount of its debt, with interest, to be satisfied out of the non-exempt assets of the estate of said G. R. Peck, deceased, under its prayer for alternative relief.

It follows from these conclusions that the judgment should be reversed and the cause remanded with instructions to the trial court that, if upon further hearing of the cause the pleadings and the evidence are the same, he should render the judgment above indicated.

Reversed and remanded with instructions.