29005. BRYANT *v.* FREEMAN.

Decided July 16, 1941. Rehearing denied July 30, 1941.

*John J. McCreary,* for plaintiff.

*Peter J. Nelson, Anderson, Anderson & Walker,* for defendant.

Felton, J. ■ Where an execution is levied on personal property and it is returned to the defendant in fi. fa. upon his giving to the sheriff a receipt agreeing to return it on demand, a refusal on the part of the defendant in fi. fa. to return the property to the sheriff on demand for the reason that he contends that the execution has been paid, does not estop the defendant subsequently to contend that the execution had become dormant, for the reason that such former contention could not reasonably be said to have prevented the plaintiff in execution or the transferee from proceeding with the execution either as to the property levied on or otherwise.

■ The entry of levy on an execution within seven years from the timely entry of the execution on the general execution docket of the county in which the judgment was rendered will not suffice to keep the judgment alive. In order for such an entry to be effective in preventing dormancy it must be entered on the general execution docket within seven years from the time of the previous effective entry on such docket. The bona fide public effort which will suffice to prevent dormancy is one which appears on the public docket of a court. *Lewis* v. *Moultrie Banking Co.,* 36 *Ga. App.* 347 (136 S. E. 554); *Minter* v. *Felder,* 55 *Ga. App.* 785 (190 S. E. 273), and cit.; Code, § 110-1001. There was no such public record in this case.

It was not error for the judge of the municipal court of the City of Macon to sustain the affidavit of illegality of the defendant in fi. fa. to the execution, upon which garnishment was issued on Nov. 27, 1940, where it appeared that the judgment upon which the execution issued was rendered October 6, 1925; that the execution issued October 6, 1925; that the execution was entered on the general execution docket October 17, 1930, and that a levy on an automobile was entered on the execution on July 14, 1936, but was not entered on the general execution docket of the county in which the judgment was rendered.

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. This is a case between the transferee of an execution and the defendant in fi. fa. It involves no question of a bona fide purchaser. It appears that the judgment was levied on a described automobile as the property of the defendant in execution, and the fact of levy was entered on the execution docket of the court; that the levying officer left the property in the possession of the defendant subject to his order and received from the defendant a receipt therefor; that the property was advertised for sale on the next succeeding sale date after the levy; that this property has never been surrendered to the sheriff or his deputy by the defendant although personal demand was made on him; that in reply to this demand the defendant misinformed the sheriff and stated that the judgment had been paid; and that this levy has never been dismissed or otherwise disposed of, and is still pending in the court and appears as pending and undisposed of on the execution docket of the court rendering the judgment. Under the rulings in *McCaskill* v. *First National Bank of Bainbridge, 27 Ga. App.* 391 (108 S. E. 819), and cit., the proceedings here constituted such a bona fide public effort on the part of the transferee to enforce the judgment as would prevent its dormancy.